# Staunton

## HARRY WILLIAMSON v. COMMONWEALTH OF VIRGINIA.

September 19, 1935.

Present, All the Justices.

The opinion states the case.

*Warren & Cantwell*, for the plaintiff in error.

*Abram P. Staples, Attorney-General*, and *Edwin H. Gibson, Assistant Attorney-General*, for the Commonwealth.

HUDGINS, J., delivered the opinion of the court.

The accused was indicted under the maiming act, convicted and sentenced to confinement in the penitentiary for four years.

The evidence established that the accused, with a woman companion, in the search of whiskey, went to a house of ill repute in which Mabel McCroskey was then staying. They were informed that bootleg whiskey could be purchased at a nearby place. After going there and obtaining the whiskey, the accused and his companion returned to the house of ill repute, and while there drinking, the accused charged the McCroskey woman with having instigated a report, to the effect that his companion had consorted with negroes for immoral purposes. This charge the McCroskey woman denied. During the altercation the accused struck the McCroskey woman in the face with his fist, knocking her down. In falling the top of her head struck the kitchen sink, rendering her unconscious. Dr. Snapp testified that three days after the fight, he was called in to treat the woman. He found the wound on the top of her head, which was about two inches long and extended to the bone, had become infected, that one of her eyes and the side of her face was badly discolored, apparently from a blow.

After verdict the accused moved to set it aside on two grounds: (1) The indictment fails to allege the accused made the assault with the intent to disfigure, disable and kill. (2) That the verdict was contrary to the law and the evidence.

The indictment fails to allege that the blow with the fist was struck with the specific intent to wound, disfigure, disable and kill, as required by statute (Code 1919, section 4402). It does charge an aggravated misdemeanor. The indictment not being sufficient to support the verdict, the motion to set it aside should have been sustained. See *Lewis Merritt* v. *Commonwealth,* decided June 13, 1935, at Wytheville, 164 Va. 653, 180 S. E. 395.

*Reversed and remanded.*