# Richmond

WESLEY RUDOLPH WILDER v. COMMONWEALTH OF VIRGINIA.

June 11, 1976.

Record No. 751088.

Present, All the Justices.

*Richard A. Turner* (*Hutzler & Turner*, on brief), for plaintiff in error.

*Jim L. Chin, Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error.

COMPTON, J., delivered the opinion of the court.

The jury found defendant Wesley Rudolph Wilder guilty of credit card theft under an amended indictment and he was sentenced

to confinement in the penitentiary for two years. We limited the appeal to a consideration of whether the original indictment was sufficient to charge the accused with commission of the crime.

The face of the original indictment stated that defendant on or about February 4, 1975, in the City of Richmond,

> "did feloniously and unlawfully have in his possession two or more stolen credit cards issued to Mrs. John W. Cowan,
> against the peace and dignity of the Commonwealth of Virginia. Va. Code § 18.1-125.3, 18.1-125.5 and 18.1-100"[1]

The indorsement on the back of the indictment contained the words "CREDIT CARD THEFT".

The defendant's motion to quash the indictment was overruled at a pre-trial hearing and the charge was amended over defendant's objection. At trial, the Commonwealth proved that when arrested on the day in question defendant had on his person credit cards which had been contained in a pocketbook stolen from the victim a short time before the arrest.

---

[1] At the time of the alleged offense, the Code sections cited in the indictment (1974 Cum. Supp.) provided as follows:

"§ 18.1-125.3 [now § 18.2-192]. **Credit card theft.**—(1) A person is guilty of credit card theft when:

(a) He takes, obtains or withholds a credit card from the person, possession, custody or control of another without the cardholder's consent or who [sic], with knowledge that it has been so taken, obtained or withheld, receives the credit card with intent to use it or to sell it, or to transfer it to a person other than the issuer or the cardholder; or

(b) He receives a credit card that he knows to have been lost, mislaid, or delivered under a mistake as to the identity or address of the cardholder, and who [sic] retains possession with intent to use it or to sell it or to transfer it to a person other than the issuer or the cardholder; or

(c) He, not being the issuer, sells a credit card or buys a credit card from a person other than the issuer; or

(d) He, not being the issuer, during any twelve-month period, receives credit cards issued in the names of two or more persons which he has reason to know were taken or retained under circumstances which constitute a violation of § 18.1-125.5 and paragraph (c) of subdivision (1) of this section.

(2) Taking, obtaining or withholding a credit card without consent is grand larceny [now, 'Credit card theft is grand larceny.']."

"§ 18.1-125.5 [now § 18.2-194]. **Unauthorized possession of two or more signed credit cards.**—When a person, other than the cardholder or a person authorized by him, possesses two or more credit cards which are signed, such possession shall be prima facie evidence that said cards were obtained in violation of § 18.1-125.4(1)(b)."

Code § 18.1-125.4, now § 18.2-193, deals with credit card forgery. § 18.1-100, now § 18.2-95, defines the crime of grand larceny and prescribes the punishment therefor.

■ The defendant argues the original indictment was invalid because it charged "mere naked possession" of credit cards, which is "no offense at all." Consequently, he contends, it was not susceptible of amendment and his conviction on the amended charge was void.

The Commonwealth argues the only defect in the original indictment is that the crime of credit card theft was stated "too generally"; that Code § 18.1-125.3, note 1 *supra*, cited at the foot of the indictment, proscribes several types of criminal activity involving the possession of a credit card; that when the charge under the original indictment is read in conjunction with that statute, it is obvious the defendant was not charged with "mere possession of credit cards alone", but with "unlawful and felonious possession of credit cards in violation of § 18.1-125.3." We do not agree with the Commonwealth that the indictment was legally sufficient.

It is apparent from a review of the record that the Commonwealth intended to charge the defendant under subsection (a) of § 18.1-125.3(1) and not under subsections (b), (c) or (d). Hence, we need only examine that subsection to determine whether the statutory offense was sufficiently stated, keeping in mind that an indictment must give the accused notice of the nature and character of the offense charged so he can make his defense, although in charging a statutory offense it is not necessary to follow the identical words of the statute. *Livingston* v. *Commonwealth*, 184 Va. 830, 839, 36 S.E.2d 561, 566 (1946). *See* Code §§ 19.2-220 and 19.2-221; Rule 3A:7(a).

Subsection (a) deals with the acts of *taking* a credit card, *obtaining* a credit card, *withholding* a credit card, and *receiving* a credit card. The challenged indictment charged defendant with "possession" of stolen credit cards. But in the context of subsection (a) possession is not synonymous with taking, obtaining, withholding or receiving. While possession may *result* from any of the foregoing acts, the subsection deals with the *manner* in which possession is acquired and not with possession alone. Accordingly, a charge of mere possession of a stolen credit card is not sufficient to state the offense of credit card theft under subsection (a).

Moreover, the foregoing proscribed acts must be accompanied by an intent to use the card, or to sell it, or to transfer it to a person other than the issuer or the cardholder. *See Cheatham* v. *Commonwealth*, 215 Va. 286, 290, 208 S.E.2d 760, 763 (1974). Such intent is not alleged in the original charge, and this defect also invalidates

the indictment. *Tompkins* v. *Commonwealth*, 177 Va. 858, 13 S.E.2d 409 (1941); *Williamson* v. *Commonwealth*, 165 Va. 750, 181 S.E. 351 (1935); *Merritt* v. *Commonwealth*, 164 Va. 653, 180 S.E. 395 (1935).

Furthermore, the references at the foot of the charge to the credit card theft and grand larceny statutes fail to save the indictment. Such references support, but do not replace, the "definite written statement", Code § 19.2-220 and Rule 3A:7(a), required in the body of an indictment. *Cf. Washington* v. *Commonwealth*, 216 Va. 185, 191-92, 217 S.E.2d 815, 822 (1975). Code § 18.1-125.5, also cited, is irrelevant because the statute on its face applies the presumption, stemming from possession, to credit card forgery and not credit card theft.

Nor is the indictment salvaged by the reference to "credit card theft" in the indorsement or return. "The indorsement is not a substantive part of an indictment and is not determinative of the legal sufficiency of the accusation to charge the crime for which it is sought to hold the accused to answer; it neither strengthens nor weakens the legal force of the averments in the charging portion of the indictment." 2 C. Torcia, *Wharton's Criminal Procedure*, § 250 at 46 (12th ed. 1975) (footnotes omitted). *See Price* v. *Commonwealth*, 62 Va. (21 Gratt.) 846, 856-62 (1872).

Consequently, because the indictment found by the grand jury stated no offense and was invalid, it necessarily follows the trial court had no power to amend the indictment. *See Evans* v. *Commonwealth*, 183 Va. 775, 781, 33 S.E.2d 636, 638-39 (1945); Code § 19.2-231; Rule 3A:8(c). The conviction on the amended indictment was therefore void.

For these reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings.

*Reversed and remanded.*