COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Elder
Argued at Richmond, Virginia


DAVID P. MARKVA

                                   MEMORANDUM OPINION[*] BY
v.         Record No. 0010-95-4     JUDGE LARRY G. ELDER
                                      AUGUST 6, 1996
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                Rosemarie Annunziata, Judge

       Corinne J. Magee for appellant.

       Leah A. Darron, Assistant Attorney General
       (James S. Gilmore, III, Attorney General, on
       brief), for appellee.


     David P. Markva (appellant) appeals his conviction for

attempted statutory burglary, in violation of Code §§ 18.2-92 and

18.2-26.  Appellant contends that the trial court erred in

denying his motion to quash the indictment, where the indictment

stated that appellant attempted to break and enter the victim's

apartment "with the intent to commit assault or destruction of

property or unlawful entry or larceny or stalking."  Because the

indictment sufficiently advised appellant as to what offenses the

Commonwealth charged, we affirm his conviction.

                              I.

                            FACTS

     On January 21, 1994, Wendy Marx (the victim) discovered that

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

someone had vandalized her Fairfax County apartment by carving symbols on her furniture. The victim suspected her co-worker, appellant, because the symbols were related to "Dungeons and Dragons," a game which appellant talked about frequently at work. On February 3, 1994, the victim discovered that some of her possessions had been moved in her apartment. The victim informed police of both incidents.

Appellant confessed to police that he removed the victim's house key from her purse and made himself a copy. Appellant also admitted that he made the marks on the victim's furniture and that he wanted to hurt the victim. Police arrested appellant, charged him with breaking and entering, but released him on bond.

On March 3, 1994, the victim looked out of the peephole of her front door and observed appellant "pulling on the doorknob" of her door. After the victim's sister arrived to assist her, they noticed that the doorknob was "extremely loose, just hanging there." The victim again informed police of appellant's actions.

On April 18, 1994, appellant was indicted for attempted burglary on March 3, 1994, with the intent to commit "a misdemeanor." On April 26, 1994, appellant requested a bill of particulars to notify him of the alleged misdemeanor. On May 11, 1994, the Commonwealth filed a bill of particulars, stating that the underlying misdemeanors were "either destruction of property or stalking or unlawful entry." At a May 13, 1994 hearing, Judge Marcus D. Williams denied appellant's request for a more

particular bill of particulars, reasoning that the Commonwealth "narrowed it down to those three potential misdemeanors."

Appellant then moved to quash the indictment. Judge J. Howe Brown, Jr., heard argument on May 27, 1994, and granted appellant's motion, concluding that the Commonwealth failed to state the specific misdemeanor that was the object of appellant's attempted burglary.

Appellant was reindicted on June 20, 1994, after the next grand jury session, for the same offense. The new indictment specified that appellant committed attempted burglary "with the intent to commit assault or destruction of property or unlawful entry or larceny or stalking." Appellant moved to quash the indictment, again claiming that the listing of multiple misdemeanors did not adequately apprise him of the nature of the charge. After hearing argument, Judge F. Bruce Bach, on July 25, 1994, overruled appellant's motion, stating that the indictment was "a concise and definite written statement describing the offense charged, as required by [] Code § 19.2-220. It clearly provides [appellant] notice of the nature and character of the offense charged."

A jury trial was held on September 7-8, 1994. After the presentation of evidence, the trial court granted appellant's motion to strike the two underlying misdemeanors of assault and larceny. The jury was allowed to consider the three underlying misdemeanor offenses of: (1) destruction of property,

(2) unlawful entry, and (3) stalking.  After the jury returned a guilty verdict on the charge, the trial court sentenced appellant to twelve months in jail with six months suspended.  Appellant now appeals to this Court.

## II.

### MOTION TO QUASH THE INDICTMENT

Appellant contends that the indictment failed to provide him with "a concise and definite written statement" describing the charged offense, Code § 19.2-20, because the indictment failed to describe the specific intent that he possessed when attempting to enter the victim's apartment.  We disagree with appellant.

Code § 19.2-220 states:

> The indictment or information shall be a plain, <u>concise and definite written statement</u>, (1) naming the accused, (2) describing the offense charged, (3) identifying the county, city or town in which the accused committed the offense, and (4) reciting that the accused committed the offense on or about a certain date.  In describing the offense, . . . the indictment or information may state so much of the common law or statutory definition of the offense as is <u>sufficient to advise what offense is charged</u>.

(Emphases added).  The indictment should also "cite the statute or ordinance that defines the offense or, if there is no defining statute or ordinance, prescribes the punishment for the offense."  Rule 3A:6(a).  "[T]he function of an indictment [] is to give an accused notice of the nature and character of the accusations against him in order that he can adequately prepare to defend against his accuser."  <u>Willis v. Commonwealth</u>, 10 Va. App. 430,

437–38, 393 S.E.2d 405, 409 (1990). <u>See</u> <u>Wilder v. Commonwealth</u>, 217 Va. 145, 147, 225 S.E.2d 411, 413 (1976); U.S. Const. amend. VI; Va. Const. art. 1, § 8.

We hold that the indictment against appellant for attempted statutory burglary was a concise and definite written statement describing the offense charged. As such, it met the requirements of Code § 19.2–220. The indictment apprised appellant of the offenses which he was required to answer. <u>Taylor v. Commonwealth</u>, 207 Va. 326, 332, 150 S.E.2d 135, 140 (1966).[1] As

---

[1] Appellant cites <u>Taylor</u> in support of his argument that "a defendant is entitled to be apprised of the offense which he is required to answer." <u>Id.</u> at 332, 150 S.E.2d at 140. <u>Taylor</u> is inapposite to this case. In <u>Taylor</u>, the indictment against the defendant charged the defendant with breaking and entering a dwelling house with the intent to "feloniously and burglariously to commit a felony." <u>Id.</u> The Supreme Court, in reversing the defendant's conviction, held in part that "[t]he averment wholly fails to specify the offense or felony which it alleges [the defendant] wished to commit." <u>Id.</u> The indictment in this case differs from the overly-broad indictment in <u>Taylor</u> because the Commonwealth specifically stated the five underlying misdemeanor intents it proposed to prove at trial.

Appellant also cites <u>Mitchell v. Commonwealth</u>, 141 Va. 541, 127 S.E. 368 (1925), for the proposition that the indictment in this case may have properly alleged the five misdemeanor intents in one count, but that the intents must have been listed in the conjunctive ("and") instead of the disjunctive ("or"). <u>Mitchell</u> is inapposite to this case. In <u>Mitchell</u>, the Supreme Court stated:

> If a <u>statute</u> . . . makes it a crime to do this, or that, or that, <u>mentioning several things disjunctively</u>, the indictment may, indeed, as a general rule, embrace the whole in a single count; but it must use the conjunctive "and" where "or" occurs in the statute, else it will be defective as being uncertain.

<u>Id.</u> at 551, 127 S.E. at 372 (citations and quotations

appellant concedes, a defendant can commit a crime with multiple intents. See Hughes v. Commonwealth, 18 Va. App. 510, 531, 446 S.E.2d 451, 463-64 (1994)(en banc)(Coleman, J., concurring). In this case, the Commonwealth sufficiently limited the indictment to provide appellant with adequate notice of the five underlying misdemeanor intents it proposed to prove at trial.[2]

We fail to see how appellant would have benefited from a trial court order for the Commonwealth to bring a multi-count indictment or to list the underlying misdemeanors in the conjunctive ("and") instead of the disjunctive ("or"). Appellant's complaint "goes to the form rather than to the substance of the averments, and cannot be allowed to prevail, especially as it is not perceived that any prejudice resulted to [appellant]." Clayton v. United States, 284 F. 537 (4th Cir. 1922). Furthermore, "[a]n error, defect, irregularity, or variance in the application . . . of [Rule 3A:6(a)] will not constitute reversible error unless the substantive rights of a party have been affected." Foster v. Commonwealth, 6 Va. App. 313, 323, 369 S.E.2d 688, 694 (1988)(citing Rule 3A:2(a)).

omitted)(emphases added). Code § 18.2-92, the statute that appellant was convicted of violating, does not list the various underlying misdemeanors in the conjunctive or the disjunctive. Rather, it merely states that "[i]f any person break and enter a dwelling house . . . with the intent to commit any misdemeanor except assault and battery or trespass, he shall be guilty of a Class 6 felony." (Emphasis added).

[2]We emphasize that the issue on appeal before this Court is whether appellant had fair notice of the charges against him, not whether the grand jury properly indicted appellant.

Our holding is guided by the Supreme Court's decision in Buchanan v. Commonwealth, 238 Va. 389, 384 S.E.2d 757 (1989), cert. denied, 493 U.S. 1063 (1990). In Buchanan, the defendant was tried for capital murder. The first of three indictments charged that the defendant killed "Buchanan, Sr. as part of the same act or transaction in which he killed J.J., Donnie, or Mrs. Buchanan." Id. at 396, 384 S.E.2d at 762 (emphasis added). The two remaining indictments, each in two counts, set forth various permutations under which the four murder victims might have been killed. Id. at 396-97, 384 S.E.2d at 762. The defendant argued that the indictments did not allow him to focus his defense on a specific pair of killings as being connected, thus depriving him of his right to sufficient notice of the charged offenses. Id. at 396, 384 S.E.2d at 761. The Supreme Court disagreed with the defendant and held that:

> [T]he theoretical limitation on the number of possible capital murder convictions that can be supported by four murders does not control the way in which the Commonwealth can frame indictments. The Commonwealth is free to indict an individual for as many separate crimes as the Commonwealth, in good faith, thinks it can prove. Further, the Commonwealth is free to charge the commission of a single offense in several different ways in order to meet the contingencies of proof . . . .
>
> The three indictments put Buchanan on fair notice of what he was required to defend against at trial. Under the first indictment, Buchanan was on notice that he had to defend against a claim that he killed Buchanan, Sr. and all three of the other victims as part of the same act or

–7–

transaction; that he killed Buchanan, Sr. and any two of the other victims as part of the same act or transaction; or that he killed Buchanan, Sr. and any one of the other victims as part of the same act or transaction.  Thus, under the first indictment, Buchanan was on notice that he had to defend against seven possible groupings of murder victims, any one of which was sufficient to constitute capital murder, but that Buchanan, Sr. was a necessary part of any of those groupings.

Id. at 397-98, 384 S.E.2d at 762 (emphasis added)(other emphases deleted).  Just as in Buchanan, "[appellant] was on notice that he had to defend against [five] possible [underlying misdemeanors], any one of which was sufficient to [support the intent for a statutory burglary conviction]."  Id.  And while it may have been preferable for the Commonwealth to bring a multi-count indictment in this case, "there's no way [appellant] did not] know what [he was] charged with."  Id. at 398, 384 S.E.2d at 763.

For these reasons, we affirm appellant's conviction.

Affirmed.

-8-

Benton, J., dissenting.

Code § 19.2-220 requires that "[t]he indictment . . . shall be a plain, concise and definite written statement . . . describing the offense charged." The statute codifies the protection guaranteed by the Constitution of Virginia "[t]hat in criminal prosecutions a man hath a right to demand the cause and nature of his accusation." Art. I, § 8. See also U.S. Const. amend. V. Thus, the principle is well established that "[a]n indictment not framed to apprise the defendant 'with reasonable certainty, of the nature of the accusation against him is . . . defective, although it may follow the language of the statute.'" Russell v. United States, 369 U.S. 749, 765 (1962) (citation omitted).

In pertinent part, the indictment in this prosecution alleged that "David P. Markva did attempt to break and enter the dwelling house . . . while said dwelling was occupied, with the intent to commit assault or destruction of property or unlawful entry or larceny or stalking." So written, the indictment charged Markva with one act of attempted burglary but impermissibly ascribed to him in the disjunctive five separate intents.

> Specific intent is an essential element of burglary. It is elementary that a defendant is entitled to be apprised of the offense which he is required to answer.

Taylor v. Commonwealth, 207 Va. 326, 332, 150 S.E.2d 135, 140 (1966) (citations omitted).

-9-

In summary, the indictment charged, and Markva was compelled to defend against, the burglary offense alleging the following five disjunctive intents:

1. attempt to break and enter an occupied dwelling with the intent to commit assault, or

2. attempt to break and enter an occupied dwelling with the intent to commit destruction of property, or

3. attempt to break and enter an occupied dwelling with the intent to commit an unlawful entry, or

4. attempt to break and enter an occupied dwelling with the intent to commit larceny, or

5. attempt to break and enter an occupied dwelling with the intent to commit stalking.

This practice has long been condemned by the United States Supreme Court as being unlawful. In a very early case, the Court ruled that "an indictment or a criminal information which charges the person accused, in the disjunctive, with being guilty of one or of another of several offenses, would be destitute of the necessary certainty, and would be wholly insufficient." The Confiscation Cases, 87 U.S. 92, 104 (1873). In similar fashion, the Supreme Court of Virginia held more than seventy years ago as follows:

"'If a statute . . . makes it a crime to do this, or that, or that,' mentioning several things disjunctively, 'the indictment may, indeed, as a general rule, embrace the whole in a single count; but it must use the conjunctive "and" where "or" occurs in the statute, else it will be defective as being uncertain.'"

*Mitchell v. Commonwealth*, 141 Va. 541, 551, 127 S.E. 368, 372 (1925) (citations omitted).  Decisions from other states also have long "'recognize[d] the general rule, too well settled to require citation to authorities, that where the means by which a crime may be committed are set forth in the statute in the disjunctive, they should be alleged in the information in the conjunctive.'"  *Espinoza v. People*, 349 P.2d 689, 690 (Colo. 1960) (citation omitted).  *See also State v. Batson*, 831 P.2d 924, 932 (Haw. 1992); *People v. Eagle Books, Inc.* 602 N.E.2d 798, 801–02 (Ill. 1992); *State v. Helms*, 102 S.E.2d 241, 243 (N.C. 1958).

These principles clearly are applicable to this case.  The burglary statute states that the act must be accompanied by "the intent to commit *any* misdemeanor except assault and battery or trespass."  Code § 18.2-92 (emphasis added).  Obviously, the statute's use of the phrase "any misdemeanor" tacitly includes in the disjunctive each of the various misdemeanors proscribed by law.

> It is not uncommon for a statute to define as an offense two or more separate acts, things, or transactions, enumerated therein in the disjunctive.  In such a case, the whole may be charged conjunctively and the accused found guilty of any one.  On the other hand, absent a statute providing otherwise, it is fatal for an indictment or information to charge disjunctively in the words of the statute, if the disjunctive renders it uncertain as to which alternative is intended.  Likewise, the use of the expression "and/or" in an indictment or information is ordinarily condemned as

–11–

> destructive of the definiteness and certainty
> required in a good criminal pleading.

2 Charles E. Torcia, <u>Wharton's Criminal Procedure</u>, § 266 (13th ed. 1990) (footnotes omitted).  Thus, when the indictment in this case disjunctively alleged five different misdemeanor offenses to charge Markva's intent, the indictment was fatally defective.

To compound the error of not requiring the Commonwealth to elect one misdemeanor offense or charge conjunctively in the indictment, the jury was not required to elect among the various means of committing the offense.  Indeed, we do not know which misdemeanor offense, if any, the jury found beyond a reasonable doubt that Markva intended to commit.  In its verdict, the jury reported as follows:

> We, the Jury, on the issue joined in the case of the Commonwealth of Virginia versus DAVID MARKVA, Defendant, find the Defendant, charged in the indictment, guilty of Attempted Statutory Burglary with the specific intent to:
>
>    <u>X</u>  destroy property, and/or
>
>    <u>X</u>  commit an unlawful entry, and/or
>
>    <u>X</u>  for the purpose of stalking

The verdict form clearly leaves in question the crime of which the jury convicted Markva of intending to commit.  <u>See</u> <u>State v. Mitchell</u>, 7 S.E.2d 567, 572 (N.C. 1940).

The jury's finding can only mean that the jury had to speculate and was unable to determine which intent was proved.  "Surmise and speculation as to the existence of the intent are

not sufficient, and 'no intent in law or mere legal presumption, differing from the intent in fact, can be allowed to supply the place of the latter.'"  <u>Taylor</u>, 207 Va. at 334, 150 S.E.2d at 141.  <u>See</u> <u>e.g.</u>, <u>State v. Seymour</u>, 502 N.W.2d 591, 594-95 (Wis. Ct. App. 1993), <u>aff'd</u>, 515 N.W.2d 874 (Wis. 1994) (prejudice occurs when the jury's verdict is stated in the disjunctive because the verdict does not satisfy the beyond-a-reasonable-doubt standard).  Because the verdicts rendered by the jury were also in the disjunctive, they were inherently ambiguous.

For these reasons, I would reverse the conviction and vacate the indictment.