COURT OF APPEALS OF VIRGINIA


Present:  Judges McClanahan, Beales and Senior Judge Willis
Argued at Salem, Virginia


MARVIN L. MOSBY

v.      Record No. 2990-08-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ELIZABETH A. McCLANAHAN
MARCH 30, 2010


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

Lawrence D. Gott for appellant.

Joshua M. Didlake, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


Marvin L. Mosby appeals from his conviction for possession of cocaine by a prisoner and

argues the trial court erred in granting the Commonwealth's motion to amend the indictment. We

affirm the judgment of the trial court.

## I. BACKGROUND

Mosby was indicted on the charge he "did unlawfully, feloniously, knowingly and

intentionally secrete or have in his possession, cocaine, while a prisoner in the Green Rock

Correctional Center, a State Correctional Facility." Referenced at the foot of the indictment was

Code § 53.1-203(6), which makes it unlawful for a prisoner to "have in his possession a controlled

substance classified in Schedule III of the Drug Control Act . . . or marijuana."[1]  Because cocaine is

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Violation of Code § 53.1-203(6) is a Class 5 felony. Pursuant to Code § 18.2-10, the authorized punishment for conviction of a Class 5 felony includes a term of imprisonment of not less than one year nor more than ten years.

neither a Schedule III drug[2] nor marijuana, and possession of cocaine is not specifically criminalized in Code § 53.1-203, the Commonwealth moved, prior to trial, to amend the indictment to reference Code § 53.1-204[3] instead of § 53.1-203(6).

Mosby objected to the amendment and argued the statutory provision applicable to possession of cocaine by a prisoner, the conduct described in the indictment, was Code § 53.1-203(5) not Code § 53.1-204. Code § 53.1-203(5) makes it unlawful for a prisoner to have in his possession "any chemical compound which he has not lawfully received."[4] Mosby reasoned possession of cocaine would fall under Code § 53.1-203(5) since cocaine should be considered a "chemical compound." And because Code § 53.1-204 does not apply to felonies specified in § 53.1-203, Mosby contended Code § 53.1-204 would not apply to possession of cocaine.

In response, the Commonwealth argued the certificate of analysis identified the substance possessed by Mosby as "cocaine," not "a chemical compound." While the Commonwealth suggested it "would have no problem going forward" if Mosby was willing to concede that cocaine was "a chemical compound," it then pointed out violation of Code § 53.1-203(5) was only a Class 6 felony. Asserting it did not want to invite an argument regarding the identification of the substance in the certificate of analysis, the Commonwealth concluded it was "prepared to prove that it is

---

[2] Cocaine is classified as a Schedule II drug under Code § 54.1-3448.

[3] Code § 53.1-204 provides if a prisoner "commits any felony other than those specified in . . . § 53.1-203, which is punishable by confinement in a state correctional facility or by death, such prisoner shall be subject to the same punishment therefore as if he were not a prisoner." Pursuant to Code § 18.2-250(A)(a), any person who knowingly or intentionally possesses a "controlled substance classified in Schedule I or II of the Drug Control Act shall be guilty of a Class 5 felony."

[4] A violation of Code § 53.1-203(5) is a Class 6 felony. Pursuant to Code § 18.2-10, the authorized punishment for a Class 6 felony includes a term of imprisonment of not less than one year nor more than five years.

cocaine." Noting that both parties agreed cocaine was a Schedule II drug (therefore making the reference to Code § 53.1-203(6) erroneous), the trial court granted the motion to amend the indictment to change the code section referenced at the foot of the indictment to Code § 53.1-204.[5]

## II. ANALYSIS

On appeal, Mosby argues the trial court erred in granting the motion to amend the indictment because the issue became moot when the Commonwealth agreed to proceed under the original code section referenced in the indictment. Mosby also contends the Commonwealth, as a matter of law, could not proceed under Code § 53.1-204 since that section does not apply to felonies enumerated in § 53.1-203 and possession of cocaine falls under Code § 53.1-203(5) as possession of "a chemical compound."

We disagree the issue regarding the statutory provision referenced in the foot of the indictment was mooted by the Commonwealth's argument in the trial court. The indictment charged that Mosby "did unlawfully, feloniously, knowingly and intentionally secrete or have in his possession, cocaine, while a prisoner." As the Commonwealth asserted, there was an error in the citation of the statute defining the offense described in the indictment since Code § 53.1-203(6) (originally referenced at the foot of the indictment) applies to possession of a Schedule III drug or marijuana, neither of which includes cocaine. Thus, in order to correct the erroneous statutory reference, an amendment was necessary. While the Commonwealth initially suggested it was willing to proceed under subsection (5) (possession of a chemical compound) if Mosby conceded cocaine was "a chemical compound" within the meaning of that subsection, the Commonwealth

---

[5] The trial court also remarked that while cocaine is probably a chemical compound in general, there was no definition of "chemical compound" within the meaning of the statute and it would make no sense for possession of cocaine to fall under Code § 53.1-203(5) since violation of that subsection is only a Class 6 felony (subjecting the offender to imprisonment for up to five years) while violation of Code § 53.1-203(6) for possession of marijuana is a Class 5 felony (subjecting the offender to imprisonment for up to ten years).

then noted that doing so would change the crime charged from a Class 5 felony to a Class 6 felony, thus reducing the term of imprisonment authorized from ten years to five years. Furthermore, the Commonwealth indicated it did not want to invite an argument regarding the certificate of analysis, which identified the substance possessed by Mosby as "cocaine" not "a chemical compound." By concluding it was prepared to prove the substance possessed by Mosby was cocaine, the Commonwealth clearly was still advocating an amendment to the indictment to reflect a violation of Code § 53.1-204.

Mosby's second argument, that the Commonwealth could not proceed under Code § 53.1-204 because it did not apply to possession of cocaine, was not a valid ground to deny the amendment. Pursuant to Code § 19.2-231, the trial court may permit an amendment to the indictment if the amendment "does not change the nature or character of the offense charged" in the indictment.[6] Furthermore, Rule 3A:6(a) provides, in pertinent part, that an "[e]rror in the citation of the statute or ordinance that defines the offense . . . shall not be ground . . . for reversal of a conviction, unless the court finds that the error . . . prejudiced the accused in preparing his defense." See George v. Commonwealth, 242 Va. 264, 280-81, 411 S.E.2d 12, 22 (1991); Bottenfield v. Commonwealth, 25 Va. App. 316, 330, 487 S.E.2d 883, 890 (1997). The

---

[6] Code § 19.2-231 states in pertinent part:

> If there be any defect in form in any indictment . . . or if there shall appear to be any variance between the allegations therein and the evidence offered in proof thereof, the court may permit amendment of such indictment . . . at any time before the jury returns a verdict or the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged . . . . If the court finds that such amendment operates as a surprise to the accused, he shall be entitled, upon request, to a continuance of the case for a reasonable time.

Mosby did not request a continuance and in fact concedes the amendment did not operate as a surprise since it did not change the description of the offense as possession of cocaine by a prisoner.

- 4 -

offense with which Mosby was charged was plainly described in the body of the indictment as possession of cocaine while a prisoner. The amendment of the statutory provision cited at the foot of the indictment did not change that description[7] and, thus, did not affect the nature or character of the offense charged.[8] Furthermore, the original reference to the erroneous statute did not prejudice Mosby in the preparation of his defense as he conceded at oral argument before this Court. Accordingly, it was not error for the trial court to permit amendment of the indictment.[9]

For these reasons, we affirm the judgment of the trial court.

Affirmed.

---

[7] Statutory references provided at the foot of an indictment "support, but do not replace, the definite written statement" required in the body of the indictment. Wilder v. Commonwealth, 217 Va. 145, 148, 225 S.E.2d 411, 413 (1976) (internal quotation marks and citations omitted).

[8] In fact, Mosby did not argue the amendment would change the nature or character of the offense charged. Rather he sought to change the reference at the foot of the indictment to a statute that, in his view, more appropriately fit the offense described in the body of the indictment (and the violation of which would constitute a lesser Class 6 felony).

[9] Though Mosby's argument that his conduct in possessing cocaine while a prisoner could not constitute a violation of Code § 53.1-204 may have been a valid argument for trial, it was not a valid ground for disallowing the amendment to his indictment.