COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, Beales and O'Brien
Argued at Norfolk, Virginia


JAMES COREY BOGGS

v.     Record No. 1602-15-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROBERT J. HUMPHREYS
JANUARY 24, 2017

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
William R. Savage, Judge

William Joshua Holder, Assistant Public Defender (A. Robinson
Winn, Deputy Public Defender, on brief), for appellant.

J. Christian Obenshain, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


James Corey Boggs ("Boggs") appeals his May 28, 2015 conviction of credit card theft,

in violation of Code § 18.2-192, from the Circuit Court for the City of Chesapeake (the "circuit

court"). Boggs's only assignment of error is that the circuit court erred in finding the evidence

was sufficient to establish that Boggs was the person who took the credit card at issue.

"When the sufficiency of the evidence is challenged, we consider all the evidence, and

any reasonable inferences fairly deducible therefrom, in the light most favorable to the party that

prevailed at trial, which is the Commonwealth in this case." Byers v. Commonwealth, 37

Va. App. 174, 179, 554 S.E.2d 714, 716 (2001). "When reviewing the sufficiency of the

evidence to support a conviction, the Court will affirm the judgment unless the judgment is

plainly wrong or without evidence to support it." Bolden v. Commonwealth, 275 Va. 144, 148,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

654 S.E.2d 584, 586 (2008). "[T]he relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010).

Boggs and his coworker, Harris, were contracted to remove a washer and dryer from an apartment. On the same day that Boggs and Harris were in the apartment, Glover realized there was an unauthorized use on her credit card merely three to five hours after the men had been in the apartment. Glover left her credit card on the stair bannister for her sister to use, if needed. At a joint trial of Boggs and his co-defendant, Lisa Banks, Boggs was convicted of credit card theft pursuant to Code § 18.2-192(1)(a), which states that

> [a] person is guilty of credit card or credit card number theft when [h]e takes, obtains or withholds a credit card or credit card number from the person, possession, custody or control of another without the cardholder's consent or who, with knowledge that it has been so taken, obtained or withheld, receives the credit card or credit card number with intent to use it or sell it, or to transfer it to a person other than the issuer or the cardholder.

On appeal, Boggs argues that there was not sufficient evidence to prove that he was the person who took the card because multiple people had access to the apartment, no testimony was given about exactly when the credit card was last seen, and Harris never saw a credit card while he was in the apartment. Further, Boggs argues that mere opportunity is insufficient to prove guilt. Because there was no direct evidence to prove Boggs took the credit card, he argues that he cannot be found to have actually taken it.

The Supreme Court of Virginia has held that

> [t]here is no distinction in the law between the weight or value to be given to either direct or circumstantial evidence. The finder of fact is entitled to consider all the evidence, without distinction, in reaching its determination. Circumstantial evidence is not viewed in isolation. While no single piece of evidence may be sufficient, the combined force of many concurrent and related

- 2 -

circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.

Muhammad v. Commonwealth, 269 Va. 451, 479, 619 S.E.2d 16, 32-33 (2005).

In this case, although it is true that there was no *direct* evidence establishing that Boggs took the credit card, there are other pieces of evidence that, when viewed together, could lead a rational trier of fact to conclude beyond a reasonable doubt that Boggs was the person who took the credit card. And while opportunity alone is not adequate to prove an element of a crime, "when reinforced by other incriminating circumstances, [it] may be sufficient to establish criminal agency beyond a reasonable doubt." Christian v. Commonwealth, 221 Va. 1078, 1082, 277 S.E.2d 205, 208 (1981). This case does not rest on opportunity alone. It is supported by other incriminating circumstances.

First, Glover's credit card was used on the same day it was taken from the apartment, merely three to five hours after Boggs was in the apartment. The evidence, viewed in the light most favorable to the Commonwealth, established that Harris and Boggs were the only people in the apartment that day and that they used a key to enter and locked the door when they left. Further, it was undisputed at trial that Boggs's co-defendant used Glover's credit card at Food Lion, and Harris positively identified the co-defendant as Boggs's girlfriend. At the very least, Harris identified Boggs's co-defendant as having picked up Boggs from work in the past, establishing a relationship between them. Although Harris's identification of the co-defendant was not made with absolute certainty, the circuit court could nonetheless consider such testimony. See Harris v. Commonwealth, 206 Va. 882, 889, 147 S.E.2d 88, 93 (1966) (noting that a fact-finder may consider testimony even if it does not "exclude[e] all doubt"). Boggs was the only link between the apartment where the credit card was last seen and the co-defendant who indisputably used the credit card. Thus, based on the circumstantial evidence in the case, Boggs's opportunity to take the credit card was "reinforced by other incriminating

circumstances" such that it was "sufficient to establish criminal agency beyond a reasonable doubt." Christian, 221 Va. at 1082, 277 S.E.2d at 208.

Boggs relies on Cheatham v. Commonwealth, 215 Va. 286, 208 S.E.2d 760 (1974), Wilder v. Commonwealth, 217 Va. 145, 225 S.E.2d 411 (1976), and Sandoval v. Commonwealth, 20 Va. App. 133, 455 S.E.2d 730 (1995), to support his contention that even if there was sufficient evidence to prove that he took or possessed the stolen credit card, mere proof of possession is not sufficient to support a conviction of credit card theft. However, these cases are inapposite. In Cheatham, the evidence of credit card theft was insufficient as a matter of law because the *only* evidence against him was mere possession of a stolen credit card that he allegedly intended to return to the owner. 215 Va. at 290, 208 S.E.2d at 763. In Wilder, the defendant was only charged with *possession* of stolen credit cards, which was not a criminal offense. 217 Va. at 148, 225 S.E.2d at 413-14. In Sandoval, the evidence was sufficient to support the conviction of credit card theft because Sandoval was found *not only* in possession of the stolen credit card, but also an ATM card, a hat, and a knife that were stolen at "the same time and place" as the credit card. 20 Va. App. at 137, 455 S.E.2d at 731.

Unlike Cheatham, Wilder, and Sandoval, this case does not rely on proof of Boggs's *possession* of the credit card at all. To the contrary, it was Boggs's co-defendant who was caught in possession of the credit card and used it at Food Lion. The evidence established a relationship between Boggs and the co-defendant, as well as Boggs's opportunity to take the credit card from the apartment. Together, those circumstances amounted to more than mere possession of the stolen credit card, and there was sufficient evidence to support the circuit court's finding that Boggs took the credit card.

For the foregoing reasons, we affirm the circuit court's decision and hold that it did not err in determining that Boggs was the person who took Glover's credit card from the apartment.

<u>Affirmed.</u>