PRESENT:  Powell, C.J., Kelsey, Chafin, Russell, and Mann, JJ., and Millette and Mims, S.JJ.

BHAGAVAN KEVIN ANTLE

v.  Record No. 250174

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE TERESA M. CHAFIN

COMMONWEALTH OF VIRGINIA

JUNE 4, 2026

v. Record No. 250190

BHAGAVAN KEVIN ANTLE

FROM THE COURT OF APPEALS OF VIRGINIA

Bhagavan Kevin Antle was convicted of two counts of purchasing lion cubs, in violation of Code §§ 29.1-564 and 29.1-567, and two counts of conspiring to sell or purchase lion cubs, in violation of Code §§ 29.1-505.1, 29.1-564, and 29.1-567.  The Court of Appeals reversed Antle's convictions for purchasing lion cubs but affirmed Antle's convictions for conspiring to sell or purchase lion cubs.  *Antle v. Commonwealth*, 83 Va. App. 485, 519 (2025).  For the following reasons, we affirm the Court of Appeals' judgment in part, reverse the Court of Appeals' judgment in part, reverse the challenged convictions, and dismiss the underlying indictments.

I.  BACKGROUND

Antle owns and operates a zoo in Myrtle Beach, South Carolina, where customers may pet and take photographs with lion cubs and other animals.  For several years, Antle purchased lion cubs from Keith Wilson, the owner of a zoo near Winchester, Virginia.  Antle first purchased lion cubs from Wilson in 2015, before lions were listed as endangered and threatened

species under federal law. Antle, however, continued to purchase lion cubs from Wilson after lions were listed as endangered and threatened species in 2016.[1]

In 2018, Antle purchased two lion cubs from Wilson for $5,000. In 2019, Antle bought three more lion cubs from Wilson for $9,000. Ultimately, Antle was charged with several criminal offenses arising from the 2018 and 2019 lion cub transactions, including two counts of purchasing lion cubs in violation of Code §§ 29.1-564 and 29.1-567, and two counts of conspiring with Wilson to sell or purchase lion cubs in violation of Code §§ 29.1-505.1, 29.1-564, and 29.1-567.

Antle was tried by a jury in the Circuit Court of Frederick County. At the conclusion of the Commonwealth's case-in-chief, Antle moved to strike the evidence against him. Relying on the specific language of the statute, Antle argued that Code § 29.1-564 does not prohibit the purchase of lion cubs. While Antle recognized that Code § 29.1-564 explicitly prohibits the "sale" of endangered or threatened species and other listed acts, he noted that the statute does not reference the "purchase" of endangered or threatened species. Therefore, Antle contended that he did not violate Code § 29.1-564 by purchasing lion cubs from Wilson.

Furthermore, Antle asserted that the evidence presented by the Commonwealth did not support the conspiracy charges. Antle noted that the conspiracy indictments were impermissibly based, in part, upon his agreement to purchase lion cubs from Wilson.

---

[1] Lions were added to the federal list of endangered and threatened species in 2016. *See* 50 C.F.R. § 17.11(h); Endangered and Threatened Wildlife and Plants; Listing Two Lion Subspecies, 80 Fed. Reg. 80,000 (published Dec. 23, 2015; effective Jan. 22, 2016) (to be codified at 50 C.F.R. Part 17).

The circuit court denied Antle's motion to the extent that it applied to the charges at issue in this appeal.[2] The circuit court observed that Code § 29.1-567, the statute addressing the penalties imposed for violations of Code § 29.1-564, expressly references "purchasing" and "offering to purchase" endangered or threatened species. Reading Code §§ 29.1-564 and 29.1-567 together, the circuit court concluded that the statutes prohibit both the sale and purchase of endangered or threatened species. Viewing the evidence presented in the light most favorable to the Commonwealth, the circuit court determined that Antle could be convicted of the purchasing and conspiracy offenses set forth in the indictments.

After electing to not present any defense evidence, Antle renewed his motion to strike. Antle incorporated the legal arguments supporting his initial motion and presented additional arguments addressing specific aspects of the Commonwealth's evidence. The circuit court denied the motion.

The jury convicted Antle of the purchasing and conspiracy offenses.[3] Antle subsequently filed a motion to set aside the guilty verdicts, presenting arguments similar to those supporting his motions to strike. The circuit court denied Antle's motion, and Antle timely noted an appeal.

The Court of Appeals reversed Antle's convictions for purchasing lion cubs. *Antle*, 83 Va. App. at 519. Relying on the express language of the statute, the Court of Appeals concluded that Code § 29.1-564 does not prohibit the purchase of endangered or threatened species. *Id.* at 509. Although the Court of Appeals acknowledged that Code § 29.1-567 specifically addresses "purchasing" and "offering to purchase" endangered or threatened species, *id.* at 509, the Court

_____

[2] The circuit court granted the motion to strike in part and dismissed some of the animal cruelty charges that were pending against Antle.

[3] The jury acquitted Antle of the remaining animal cruelty charges.

of Appeals refused to incorporate these terms into Code § 29.1-564, *see id.* at 511. The Court of Appeals explained that Code § 29.1-564 is a penal statute, which cannot be "extended by implication or construction." *Id.* Accordingly, the Court of Appeals declined to broadly construe Code § 29.1-564 in a manner that would expand the scope of the statute. *See id.* at 511-12.

In contrast, the Court of Appeals affirmed Antle's conspiracy convictions. *Id.* at 519. While the Court of Appeals concluded that Antle could not be convicted of conspiring to purchase lion cubs with Wilson, the Court of Appeals determined that Antle could still be convicted of conspiring to sell lion cubs with Wilson. *Id.* at 518-19.

Both Antle and the Commonwealth noted appeals, challenging the Court of Appeals' judgment on several grounds.

## II. ANALYSIS

On appeal, the Commonwealth argues that the Court of Appeals misinterpreted Code §§ 29.1-564 and 29.1-567. The Commonwealth contends that these related statutes should be read together. Focusing primarily on the "purchasing" and "offering to purchase" language in Code § 29.1-567, the Commonwealth maintains that Code §§ 29.1-564 and 29.1-567 prohibit both purchasing and selling endangered or threatened species. Therefore, the Commonwealth argues that the Court of Appeals erred by reversing Antle's convictions for purchasing lion cubs.

Antle contends that the Court of Appeals correctly construed the statutes at issue, emphasizing that Code § 29.1-564 does not expressly prohibit purchasing endangered or threatened species. However, Antle also argues that the Court of Appeals erred by affirming his conspiracy convictions. Antle notes that the conspiracy indictments were based, in part, on legal

4

conduct—i.e., purchasing or offering to purchase endangered or threatened species. Antle argues that he could not be convicted of the conspiracy offenses under these circumstances.

Upon review, we conclude that Code § 29.1-564 does not prohibit the purchase of endangered or threatened species. Consequently, we affirm the Court of Appeals' judgment to the extent that it reverses Antle's convictions for purchasing lion cubs and dismiss the indictments underlying those convictions.

We reverse the Court of Appeals' judgment to the extent that it affirms Antle's conspiracy convictions. The conspiracy indictments impermissibly allowed Antle to be convicted of conspiring to purchase endangered or threatened species, which is not a criminal offense under Code § 29.1-564. Accordingly, we reverse Antle's conspiracy convictions and dismiss the indictments underlying those convictions.

A. THE PURCHASING OFFENSES

"Under well-established principles, an issue of statutory interpretation is a pure question of law which we review de novo." *Taylor v. Commonwealth*, 298 Va. 336, 341 (2020) (quoting *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007)). "When construing a statute, our primary objective is to ascertain and give effect to legislative intent, as expressed by the language used in the statute." *City of Hampton v. Williamson*, 302 Va. 325, 333 (2023) (quoting *Cuccinelli v. Rector & Visitors of the Univ. of Va.*, 283 Va. 420, 425 (2012)).

Code § 29.1-564 prohibits certain acts involving endangered or threatened species. In its entirety, the statute states:

> The *taking, transportation, possession, sale, or offer for sale*
> within the Commonwealth of any fish or wildlife appearing on any
> list of threatened or endangered species published by the United
> States Secretary of the Interior pursuant to the provisions of the
> federal Endangered Species Act of 1973 (P.L. 93-205), or any

5

modifications or amendments thereto, is prohibited except as provided in [Code] § 29.1-568.[4]

Code § 29.1-564 (emphasis added).

Code § 29.1-567 addresses the classification of the offenses set forth in Code § 29.1-564 and the penalties imposed for those offenses. In pertinent part, Code § 29.1-567 states:

> Any person who violates the provisions of [Code] § 29.1-564 or [Code] § 29.1-566, or any regulations issued pursuant to these sections, or whoever violates any regulation or permit issued under [Code] § 29.1-568 shall be guilty of a Class 1 misdemeanor; however, *the sale, offering for sale, purchasing or offering to purchase within the Commonwealth of any fish or wildlife appearing on a list of threatened or endangered species as prohibited by [Code] § 29.1-564* shall be punishable as provided in [Code] § 29.1-553.[5]

Code § 29.1-567(A) (emphasis added).

Antle's convictions are not based on taking, transporting, or possessing endangered or threatened species. Significantly, Antle was indicted for purchasing or offering to purchase lion cubs. While Code § 29.1-564 expressly prohibits selling or offering to sell endangered or threatened species, it does not prohibit purchasing or offering to purchase endangered or

---

[4] The exceptions set forth in Code § 29.1-568 are not pertinent to this appeal.

[5] Code § 29.1-553 states:

> Any person who offers for sale, sells, offers to purchase, or purchases any wild bird or wild animal, or any part thereof, or any freshwater fish, except as provided by law, shall be guilty of a Class 1 misdemeanor. However, when the aggregate of such sales or purchases, or any combination thereof, by any person totals $1,000 or more during any 90-day period, that person shall be guilty of a Class 6 felony.

Code § 29.1-553(A). Antle was not indicted for a violation of this statute.

threatened species. *See* Code § 29.1-564. Therefore, purchasing or offering to purchase lion cubs does not fall within the scope of the statute.

Other statutes in Title 29.1 explicitly prohibit both the "sale" and "purchase" of certain wildlife. *See, e.g.*, Code §§ 29.1-521(11); 29.1-531; 29.1-553(A). "[W]hen the General Assembly has used specific language in one instance but omits that language or uses different language when addressing a similar subject elsewhere in the Code, [we] must presume that the difference in the choice of language was intentional." *Morgan v. Commonwealth*, 301 Va. 476, 482 (2022) (quoting *Zinone v. Lee's Crossing Homeowners Ass'n*, 282 Va. 330, 337 (2011)).

We must give effect to the General Assembly's decision to omit the terms "purchase" and "offer to purchase" from Code § 29.1-564. "This Court may not construe the plain language of a statute 'in a manner that amounts to holding that the General Assembly meant to add a requirement to the statute that it did not actually express.'" *Jones v. Commonwealth*, 296 Va. 412, 415 (2018) (quoting *Commonwealth v. Amos*, 287 Va. 301, 307 (2014)). "We must presume that the General Assembly chose, with care, the words that appear in a statute, and must apply the statute in a manner faithful to that choice." *Id.* (quoting *Johnson v. Commonwealth*, 292 Va. 738, 742 (2016)).

Like the Court of Appeals, we recognize that Code § 29.1-567 attempts to impose a penalty for "purchasing" or "offering to purchase" endangered or threatened species. *See* Code § 29.1-567(A). Code § 29.1-567, however, does not prohibit any conduct. In pertinent part, Code § 29.1-567 addresses the penalties that are imposed for certain acts involving endangered or threatened species—including acts "prohibited by Code § 29.1-564." *See id.*

While Code § 29.1-567 may imply that Code § 29.1-564 prohibits "purchasing" and "offering to purchase" endangered or threatened species, such a reading of the statute is

7

inconsistent with the plain language of Code § 29.1-564. The text of Code § 29.1-564 simply does not prohibit "purchasing" or "offering to purchase" endangered or threatened species. *See* Code § 29.1-564.

We emphasize that Code §§ 29.1-564 and 29.1-567 are penal statutes. These statutes "must be construed strictly against the state and favorably to the liberty of the citizen." *Morgan*, 301 Va. at 483 (quoting *Sutherland v. Commonwealth*, 109 Va. 834, 835 (1909)). "A penal statute cannot be extended by implication or construction. It cannot be made to embrace cases not within the letter though within the reason and policy of the law." *Robinson v. Commonwealth*, 274 Va. 45, 52 (2007) (quoting *McKay v. Commonwealth*, 137 Va. 826, 830 (1923)). "When construing penal statutes, a court must not add to the words of the statute, nor ignore its actual words, and must strictly construe the statute and limit its application to cases falling clearly within its scope." *Id.* at 51.

As Code § 29.1-564 does not prohibit purchasing or offering to purchase endangered or threatened species, Antle's indictments were impermissibly based upon legal conduct. Antle did not violate Code § 29.1-564 by purchasing lion cubs from Wilson. Therefore, we must reverse Antle's convictions for purchasing lion cubs and dismiss the indictments underlying those convictions. *See Wilder v. Commonwealth*, 217 Va. 145, 148 (1976) (reversing a conviction where the underlying indictment was based on conduct that was not prohibited by the pertinent criminal statute); *Falden v. Commonwealth*, 167 Va. 542, 545-46 (1937) (reversing a conviction and dismissing the underlying indictment where the indictment failed to charge a criminal offense).

B. THE CONSPIRACY OFFENSES

Antle was indicted for conspiring with Wilson to sell or purchase endangered or threatened species. Specifically, Antle's conspiracy indictments charged Antle with "unlawfully and feloniously conspir[ing] with [Wilson] to sell, offer for sale, purchase, or offer to purchase" endangered or threatened species, "to wit . . . lion cubs."

To the extent that Antle's conspiracy indictments referenced an agreement to "purchase" or "offer to purchase" lion cubs, they permitted Antle to be convicted of conduct that is not a criminal offense. Under these circumstances, we must reverse both the Court of Appeals' judgment affirming Antle's conspiracy convictions and the underlying conspiracy convictions themselves. We also dismiss the conspiracy indictments.[6] *See Wilder*, 217 Va. at 148; *Falden*, 167 Va. at 545-46.

III. CONCLUSION

For the reasons stated, we affirm the Court of Appeals' judgment to the extent that it reverses Antle's convictions for purchasing lion cubs, reverse the Court of Appeals' judgment to the extent that it affirms Antle's convictions for conspiring to sell or purchase lion cubs, reverse the convictions challenged by Antle in this appeal, and dismiss the underlying indictments.

*Affirmed in part,*
*reversed in part,*
*and final judgment.*

---

[6] In light of our holding, we do not address Antle's assignment of error challenging the jury instructions defining the conspiracy offenses.

9