COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, O'Brien and Raphael

ANTWAN MARCHELLO STONE

                                                      MEMORANDUM OPINION[*]

v.      Record No. 0700-21-3                                    PER CURIAM
                                                                   MARCH 29, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Stacey W. Moreau, Judge

(Elmer Woodard, on brief), for appellant. Appellant submitting on
brief.

(Mark R. Herring,[1] Attorney General; Jason D. Reed, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.

In a bench trial, the Circuit Court of Pittsylvania County convicted appellant, Antwan Stone,

of two counts of malicious wounding, in violation of Code § 18.2-51, and one count of using a

firearm in the commission of a felony, in violation of Code § 18.2-53.1. Appellant challenges the

sufficiency of the evidence to sustain his convictions, arguing that the Commonwealth failed to

prove his identity as the shooter beyond a reasonable doubt. We hold that the appeal is wholly

without merit.[2] Consequently, we affirm the circuit court's judgment.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

[2] After examining the briefs and record in this case, the panel unanimously agrees that because the appeal is "wholly without merit," oral argument is unnecessary. Therefore, we dispense with oral argument in accordance with Code § 17.1-403(ii)(a) and Rule 5A:27(a).

UNPUBLISHED

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Id.* at 473.

On December 25, 2019, Lamar Davis and members of the Davis family encountered members of appellant's family at a local market.[3] There was an ongoing dispute between Davis' family and appellant's family regarding the custody of Davis' niece. At the market, a fight ensued between Davis and a member of appellant's family. Afterward, Davis returned to her Pittsylvania County home with her family.

At about 3:00 p.m. that day, the four members of appellant's family that Davis had encountered at the market appeared at Davis' home uninvited. A fistfight involving multiple members of both families broke out. Eventually, the fight ended, and appellant's family left.

Within a few minutes, however, the four members of appellant's family and Montel Stone returned to Davis' house. Appellant and Joe Thomas arrived in a separate car, a red two-door Pontiac. While appellant and Thomas were at their vehicle a short distance away, appellant's family resumed the fight with Davis and her family members, including Davis' nephew Josiah Anderson. While Davis was talking to Thomas, she saw appellant retrieve a shotgun from the red two-door Pontiac. Anderson, who was standing behind Davis, also saw appellant remove the gun from the passenger side of the car. As Davis turned and ran back

---

[3] For the sake of clarity of the record, we refer to Davis as female, as did the circuit court.

toward the trailer to warn her family about the gun, she heard the gun fire. Anderson, who was facing in appellant's direction, saw appellant fire the gun.

Davis was struck by numerous pellets all over her body. Anderson also was hit by pellets in his legs. Both Davis and Anderson were scarred as a result of the shooting.

The circuit court credited the Commonwealth's evidence and convicted appellant of the charged offenses. This appeal followed.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)). "Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below." *Vay v. Commonwealth*, 67 Va. App. 236, 242 (2017) (quoting *Smallwood v. Commonwealth*, 278 Va. 625, 629 (2009)). "This principle requires us to 'discard the evidence of the accused in conflict with that of the

- 3 -

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Id.* (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

Under Code § 18.2-51, "[i]f any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony." Pursuant to Code § 18.2-53.1, it is "unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit . . . malicious wounding."

Both Davis and Anderson, whose testimony the circuit court credited, stated that appellant arrived with Thomas in a red Pontiac at the scene of a prior fistfight between appellant's family and Davis' family that same day. Davis and Anderson saw appellant remove the shotgun from the car. Davis turned toward the residence to warn family members about the gun, but Anderson was facing appellant and saw him aim the shotgun. Anderson testified unequivocally that appellant was the person who fired the gun. Davis and Anderson were struck and injured by multiple pellets from the shotgun.

Additionally, the Commonwealth's evidence showed that immediately after the shot, appellant and Thomas got into the car and fled. "Headlong flight—wherever it occurs—is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such. . . . Flight, by its very nature is not 'going about one's business'; in fact, it is just the opposite." *Illinois v. Wardlow*, 528 U.S. 119, 124-25 (2000). The circuit court, as the finder of fact, reasonably could conclude that appellant got into the car and left the scene because he was the person who had shot Davis and Anderson.

Appellant argues that the Commonwealth's evidence was insufficient to prove that he was the shooter. Without disputing that he was present at Davis' home on the day of the shooting, appellant emphasizes conflicts in the testimony including the descriptions of the vehicle appellant and Thomas drove, exactly who was in that vehicle, and what transpired before they left the scene. Appellant contends that the Commonwealth failed to exclude the possibility that an unidentified person fired the shot.

However, the circuit court accepted the Commonwealth's evidence, and rejected appellant's testimony and evidence. "[D]etermining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact." *Parham v. Commonwealth*, 64 Va. App. 560, 565 (2015). It is within the purview of the circuit court, as the finder of fact, to resolve any conflict in the evidence. *Commonwealth v. McNeal*, 282 Va. 16, 21-22 (2011).

In addition, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)). The circuit court also was permitted to consider Thomas' prior felony convictions in assessing his credibility. *See* Code § 19.2-269.

Finally, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." *Hamilton v. Commonwealth*, 16 Va. App. 751, 755 (1993). "Whether an alternate hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." *Emerson v. Commonwealth*, 43 Va. App. 263, 277 (2004) (quoting *Archer v. Commonwealth*, 26 Va. App. 1, 12-13 (1997)). "Merely because defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded." *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004) (quoting *Miles v.*

*Commonwealth*, 205 Va. 462, 467 (1964)).  The Commonwealth presented ample testimony to exclude appellant's hypothesis that an unknown individual shot Davis and Anderson.

CONCLUSION

Upon the evidence, viewed in the light most favorable to the Commonwealth, a reasonable finder of fact could conclude beyond a reasonable doubt that appellant was guilty of malicious wounding and that he used a firearm in the commission of a felony.  Accordingly, we affirm appellant's convictions.

*Affirmed.*