PRESENT: Lemons, C.J., Goodwyn, Mims, McClanahan, Powell, and McCullough, JJ., and Russell, S.J.

ARTAVIUS DARRELL SCOTT

v. Record No. 150932

OPINION BY
SENIOR JUSTICE CHARLES S. RUSSELL
August 18, 2016

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

This appeal requires us to revisit the interpretation of Code § 18.2-192 as it applies to credit card theft.

FACTS AND PROCEEDINGS

In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial. *Baldwin v. Commonwealth*, 274 Va. 276, 278, 645 S.E.2d 433, 433 (2007).

Jessica Childrey (the victim) testified that the defendant, Artavius Scott, had been living with her prior to September 22, 2012 and was the father of her two young children. The parties had separated and the defendant was living elsewhere by September 22, 2012. On that date, Scott and his mother visited the victim's house to get some of his clothes and then left. Later that evening, Scott returned alone, knocked on the door and, through the closed door, identified himself, saying that he wanted to see the children. The victim refused to let him enter, telling him she would call the police if he did not leave. Scott eventually left.

Almost 30 minutes later, the victim "heard something rattling upstairs" and went upstairs to investigate. She found Scott climbing in through her bedroom window. She ordered him to leave and again threatened to call the police. Scott produced a handgun, pointed it at her face and threatened to shoot her if she called the police. Scott then left, taking the victim's purse with

him. She testified that she gave him no permission to take the purse and that it contained some cash, cigarettes, social security cards, and credit cards.

The following day, Scott called the victim and told her that the purse was at her mother's house. When she recovered the purse, only the cash and cigarettes were missing. The credit cards were still in the purse but the victim had already cancelled her credit card accounts and did not think they had been used.

At a bench trial in the Circuit Court of the City of Richmond, Scott was convicted of statutory burglary, possession of a firearm by a felon, assault and battery of a family member,[1] pointing or brandishing a firearm, and credit card theft in violation of Code § 18.2-192(1)(a). He was sentenced to a total of nine years and 24 months confinement for all offenses. Only the credit card conviction is before this Court on this appeal, Scott not having appealed his remaining convictions.

Scott filed a petition for appeal with the Court of Appeals which that Court denied by *per curiam* order. We awarded Scott an appeal. There, as here, the sole question on appeal was whether Code § 18.2-192 requires proof of the specific intent to use, sell or transfer a credit card that has been taken from a cardholder without consent.

ANALYSIS

The question before us is purely one of statutory construction. On appeal, we consider such questions de novo. *Warrington v. Commonwealth*, 280 Va. 365, 370, 699 S.E.2d 233, 235 (2010). Code § 18.2-192, under which the defendant was convicted, provides in relevant part that:

---

[1] This charge arose from an altercation on September 12, 2012 in which Scott allegedly beat the same victim. By agreement it was tried together with the charges arising from the events of September 22, 2012.

2

(1) A person is guilty of credit card or credit card number theft when:
(a) He takes, obtains or withholds a credit card or credit card number from the person, possession, custody or control of another without the cardholder's consent *or who*, with knowledge that it has been so taken, obtained or withheld, receives the credit card or credit card number *with intent to use it or sell it, or to transfer it to a person other than the issuer or the cardholder*; . . . .

(Emphasis added.)

Scott argues that the specific intent to use, sell or transfer the card, as expressed by the emphasized words at the end of subsection (1)(a) of the statute, modifies all the preceding language, thus imposing on the Commonwealth the burden of proving that specific intent as an element of any crime charged thereunder. He contends that the evidence was devoid of any proof that he ever intended to use, sell, or transfer the cards to any person other than the cardholder.

The Commonwealth argues that the statute proscribes two separate species of credit card theft: (1) taking, obtaining or withholding a credit card without the consent of the cardholder, and (2) receiving a stolen credit card, knowing that it has been stolen, with the intent to use it, sell it or transfer it to another unauthorized person. This conclusion, the Commonwealth contends, is demonstrated by the legislative use of the disjunctive "or who" in distinguishing between the two species of proscribed conduct. The Commonwealth also relies on the rule of the "last antecedent." That rule of construction requires that all qualifying words and phrases, where no contrary intention appears, apply only to the last antecedent. *Newberry Station Homeowners Ass'n v. Board of Supervisors*, 285 Va. 604, 615, 740 S.E.2d 548, 554 (2013). The last

antecedent is the last word, phrase or clause that can be made an antecedent without impairing the meaning of the sentence. *Id.*[2]

Thus, the Commonwealth contends, the words "with intent to . . ." apply only to the last antecedent that precedes them: "who, with knowledge that it has been so taken, obtained or withheld, receives the credit card or credit card number." That interpretation makes the specific intent requirement applicable only to the second prong of the subsection: knowingly receiving a stolen credit card, but not to credit card theft under the first prong: taking, withholding or obtaining a credit card without the cardholder's consent.

Scott relies on language in *Wilder v. Commonwealth*, 217 Va. 145, 147, 225 S.E.2d 411, 413 (1976), suggesting that, under the predecessor statute, former Code § 18.1-125.3,[3] the specific intent requirement would apply to all species of conduct proscribed by the statute. *Wilder*, however, did not involve any issue concerning the defendant's intent. Instead, the sole question before the Court was whether the indictment in that case charged any crime at all. *Id.* The indictment simply stated that the defendant "did feloniously and unlawfully have in his possession two or more stolen credit cards issued to Mrs. John W. Cowan, against the peace and dignity of the Commonwealth of Virginia." *Id.* at 146, 225 S.E.2d at 412. We held that the statute is concerned with the manner in which possession is acquired, but not with possession alone. *Id.* at 147, 225 S.E.2d at 413. Because possession of a stolen credit card, without more, is not a crime, the indictment was void and not capable of being amended. *Id.* at 148, 225 S.E.2d at 414. We reversed the conviction on that narrow ground. *Id.*

---

[2] An "antecedent" is defined as a "preceding thing," or "any word or group of words replaced or referred to by a substitute." Black's Law Dictionary 107 (9th ed. 2009); Webster's Third New Int'l Dictionary 91 (1993).

[3] The only substantive difference between the former and present subsections is the insertion of the words "or credit card number" in the two places in which they now appear.

In *Meeks v. Commonwealth*, 274 Va. 798, 651 S.E.2d 637 (2007), we were required to determine the point at which credit card theft under the first prong of the subsection was completed. There, the evidence showed that the defendant stole a wallet containing the victim's credit card from a home in Fairfax County and, representing herself to be the victim, used the card later the same day to register at a motel in the City of Alexandria and obtain a cash advance. *Id.* at 800-01, 651 S.E.2d at 638. Indicted for credit card theft in the City of Alexandria, she was tried and convicted there. *Id.* Her appeal raised the sole question of venue. *Id.* She argued that the evidence was insufficient to show that either the credit card theft, or any act in furtherance of the crime, had taken place within the jurisdiction of the Circuit Court of the City of Alexandria. *Id.* at 801, 651 S.E.2d at 638-39. We agreed with the defendant, holding that Code § 18.2-192(1)(a) encompasses two distinct offenses, its first prong proscribing taking, obtaining or withholding a credit card without the cardholder's consent, and its second prong proscribing receiving a stolen credit card, knowing it to have been stolen, with the intent to use it, sell it, or transfer it to another unauthorized person, reversing our previous decision in *Cheatham v. Commonwealth*, 215 Va. 286, 208 S.E.2d 760 (1974), to the extent it had held to the contrary. *Id.* at 803, 651 S.E.2d at 639-40. In *Meeks*, we held that the crime of credit card theft under the first prong of the statute is completed when the credit card or number is unlawfully taken from its rightful owner. *Id.* Because the credit card theft in *Meeks* had been completed entirely within Fairfax County, we reversed the conviction and dismissed the indictment.[4] *Id.*

---

[4] Following *Wilder*, the Court of Appeals understandably held the specific intent requirement applicable to cases falling under the first prong of the statute, *see*, *e.g.*, *Scott v. Commonwealth*, 36 Va. App. 276, 282, 549 S.E.2d 624, 626 (2010); *Darnell v. Commonwealth*, 12 Va. App. 948, 955, 408 S.E.2d 540, 544 (1991). In its *per curiam* opinion denying the appeal in the present case, the Court of Appeals correctly held that our decision in *Meeks* had abrogated those cases.

We adhere to our interpretation of Code § 18.2-192(1)(a) in *Meeks*, and hold that credit card theft under the first prong of the statute is a general intent crime completed upon an unlawful taking.  It does not require that the Commonwealth allege or prove the specific intent required to support a conviction under the second prong of the statute.

## CONCLUSION

For the foregoing reasons, we will affirm the judgment of the Court of Appeals.

*Affirmed*.