COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, Ortiz and Raphael

TOMMY LEE LAMOUROUX

                                                    MEMORANDUM OPINION* BY
v.       Record No. 0633-21-2                       JUDGE DANIEL E. ORTIZ
                                                    MAY 10, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
William E. Glover, Judge

(Alexander Raymond; Raymond Law, PLC, on brief), for appellant.

(Jason S. Miyares, Attorney General; Ken J. Baldassari, Assistant
Attorney General, on brief), for appellee.

The trial court convicted Lamouroux of abduction, in violation of Code § 18.2-47, and

assault and battery, in violation of Code § 18.2-57. On appeal, Lamouroux challenges the

sufficiency of the evidence to sustain his convictions. After examining the briefs and record, the

panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without

merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Because Lamouroux's brief does not comply with

Rule 5A:20(e), he has waived his arguments and we affirm the trial court's decision.

BACKGROUND

On June 15, 2020, Aaron O'Leary went to a convenience store to purchase drinks for his

mother. While inside the store, O'Leary saw Lamouroux yelling at the cashier about lottery tickets.

O'Leary stayed at the back of the store until Lamouroux left and then went to the cashier to

purchase his items. As the cashier told O'Leary what happened with Lamouroux, Lamouroux

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

started banging on the glass and looking at O'Leary. O'Leary flipped Lamouroux off after he banged on the glass, but did not yell anything at Lamouroux. Lamouroux then went to his vehicle, slammed the hood closed because he had been looking at the motor, and parked his vehicle near the parking lot exit.

O'Leary waited for Lamouroux to leave before exiting the store, but Lamouroux remained stopped at the exit. Consequently, O'Leary left the store, walked to his vehicle, and opened the driver-side door. As O'Leary got into his vehicle, Lamouroux yelled at O'Leary, drove up behind him, and blocked O'Leary's vehicle from leaving. Lamouroux began punching O'Leary's vehicle, so O'Leary got out and told Lamouroux to stop. O'Leary tried to call 911, but Lamouroux knocked the phone out of his hand. Lamouroux punched O'Leary several times and called him a gay slur. O'Leary made no physical contact with Lamouroux before Lamouroux hit him first. O'Leary punched Lamouroux once during the attack.

Spotsylvania County Deputy Sheriff Jones arrived at the store and obtained surveillance video that recorded the incident. Deputy Jones then went to Lamouroux's address and found Lamouroux, wearing the same clothes as depicted in the footage. Lamouroux told Deputy Jones that he had a bad day because the cashier argued with him about lottery tickets and he had been experiencing vehicle issues. Lamouroux generally cooperated with Deputy Jones but became upset and verbally abusive toward him once they arrived at the magistrate's office.

At trial, Lamouroux testified that he had trouble communicating with the cashier when he was trying to cash in his lottery tickets. Lamouroux stated that no one was in the store when he was there. Lamouroux denied yelling or swearing at the cashier. Lamouroux stated that he was under the hood trying to get his vehicle started when O'Leary flipped him off from inside the store through the window. Lamouroux drove to the exit and realized he could not turn left, so he turned around and drove the other way. While driving back through the parking lot, Lamouroux stated that

O'Leary started yelling at him. Lamouroux was not sure if he knew O'Leary or not, so he pulled "beside him" and approached O'Leary's vehicle. Lamouroux testified that he asked O'Leary why he flipped him off, but O'Leary did not answer, so Lamouroux walked back to his car. Lamouroux stated that O'Leary opened his door and grabbed Lamouroux's neck from behind. In response, Lamouroux pushed and punched O'Leary in self-defense.

At the conclusion of all the evidence and after argument by counsel, the trial court convicted Lamouroux of abduction and assault and battery. The trial court sentenced Lamouroux to five years and twelve months imprisonment, with four years and twelve months suspended. This appeal follows.

ANALYSIS

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). In doing so, we discard any of the appellant's conflicting evidence and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Id.* at 473.

Lamouroux contends that the evidence was insufficient to sustain his convictions because O'Leary provoked him, causing Lamouroux to act in self-defense, and O'Leary was not seized or abducted by Lamouroux's conduct. Lamouroux's brief, however, includes no authority in support of his arguments on appeal.

Rule 5A:20(e) requires an opening brief to contain "[t]he standard of review *and* the argument (including principles of law and authorities) relating to each assignment of error." (Emphasis added). "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration." *Turner v. Commonwealth*, 67 Va. App. 46, 61 (2016) (quoting

*Buchanan v. Buchanan*, 14 Va. App. 53, 56 (1992)). Accordingly, we have repeatedly declined to consider arguments when an appellant cites no supporting authority on brief. *See Davis v. Commonwealth*, 70 Va. App. 722, 738 (2019) (holding that appellant waived argument by failing to cite authority "to support his argument"); *Stokes v. Commonwealth*, 49 Va. App. 401, 410 (2007) (same); *Mason v. Commonwealth*, 49 Va. App. 39, 46 n.2 (2006) (same).

"Appellate courts are not unlit rooms where [litigants] may wander blindly about, hoping to stumble upon a reversible error. If the parties believed that the circuit court erred, it was their duty to present that error to us with *legal authority* to support their contention." *Fadness v. Fadness*, 52 Va. App. 833, 851 (2008) (emphasis added). Indeed, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Blankenship v. Commonwealth*, 71 Va. App. 608, 623 n.2 (2020) (quoting *Bartley v. Commonwealth*, 67 Va. App. 740, 746 (2017)); *see also Parks v. Parks*, 52 Va. App. 663, 664 (2008) (holding that an issue may be treated as waived if a party's failure to follow Rule 5A:20(e) is significant). Accordingly, "[w]e will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." *Buchanan*, 14 Va. App. at 56.

Although Lamouroux notes the standard of review, he neither cites the statutes under which he was convicted nor any legal authority to support his arguments. Instead, his arguments consist merely of conclusory assertions that reiterate his testimony that he was the victim and had acted in self-defense. He does not explain why the trial court erred by rejecting his testimony or cite any authority to support his assertion that O'Leary was not abducted because he could "get out of his car."

Lamouroux's noncompliance with Rule 5A:20(e) is significant.  Accordingly, he has waived appellate consideration of his arguments.  Therefore, the judgment of the trial court is affirmed.

*Affirmed.*