COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Chaney and Lorish
Argued at Virginia Beach, Virginia

MAQUAL TALIK COBBS

                                    MEMORANDUM OPINION* BY
v.      Record No. 0776-21-1          JUDGE ROBERT J. HUMPHREYS
                                        MAY 17, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Robert H. Sandwich, Jr., Judge

Gregory K. Matthews (Gregory K. Matthews, PC, on brief), for
appellant.

Jason D. Reed, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Following a bench trial, Maqual Talik Cobbs was convicted of three counts of forgery of a

public record, three counts of uttering a forged public record, identity theft, and falsely identifying

himself to the police. Cobbs argues that the circuit court made an evidentiary admission error and

also contends that the evidence was insufficient to sustain his convictions.

## BACKGROUND AND FACTS

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v.

Commonwealth*, 295 Va. 469, 472-73 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381

(2016)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all

credible evidence favorable to the Commonwealth and all inferences that may reasonably be

drawn from that evidence. *Id.* at 473.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On July 4, 2019, Officer Zoraida Kreivis was dispatched to a bank to investigate a possible crime. At the bank, Officer Kreivis met Cobbs, who identified himself as "Rashard Sykes," and provided the officer with a date of birth and social security number. Cobbs was detained pending further investigation and transported to police headquarters.

At the police station, Detective Anthony Patton interviewed Cobbs. During the interview, Cobbs again stated his name was "Rashard Sykes." At Detective Patton's request, Cobbs also wrote out the name "Rashard Sykes," and he provided the detective with a date of birth and social security number. Detective Patton confirmed that the date of birth and social security number given by Cobbs corresponded to a person named "Rashard Sykes." In a videotaped interview, Detective Patton advised Cobbs of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and Cobbs signed a written statement of his legal rights as "Rashard Sykes."

After the interview, Patton arrested Cobbs under the name "Rashard Sykes" and took Cobbs before a magistrate.[1] Patton arrested only one person identified as "Rashard Sykes" that day. At trial, the Commonwealth introduced one form titled "Financial Statement – Eligibility Determination for Indigent Defense Services" and a second form entitled "Recognizance," both of which were provided to Cobbs by the magistrate and both of which were signed with the signature "Rashard Sykes." Detective Patton identified both documents. He testified that he was present when Cobbs began filling out the forms, but he did not testify that he saw Cobbs sign them. Both the relevant forms were dated July 4, 2019, the same date on which Cobbs was arrested.[2] The two forms were authenticated as true copies of the originals pursuant to Code

---

[1] The time stamp on the recorded interview with Patton indicates that Cobbs left the interview room at 5:23 p.m. on July 4, 2019.

[2] The recognizance form indicates that it was signed by the magistrate at 6:15 p.m. on July 4, 2019.

§ 8.01-391(C).[3] Cobbs agreed that the documents were true copies but objected to their introduction because no evidence established anyone directly observed Cobbs signing the forms. The circuit court found that Cobbs' objection went "to the weight of the evidence," not its admissibility, and admitted both forms into evidence.[4] Additionally, Detective Patton identified Cobbs as the person he had arrested and interviewed on July 4, 2019, under the name "Rashard Sykes."

On July 29, 2019, the true Rashard Sykes came to the police station upon reading in the newspaper that he had been arrested for several felonies. Sykes was not the person Detective Patton arrested on July 4, 2019, nor had he committed the crimes that were pending under his name. Sykes testified that this incident was not the first time he had encountered problems with his identifying information. He explained that in 2014, his house was broken into, and Sykes' wallet—which contained his driver's license and social security card—was stolen.

Further investigation revealed that Cobbs had previously been arrested in Portsmouth, Virginia in February of 2015, and Cobbs also gave the Portsmouth police Rashard Sykes' social security number instead of his own. At the time of his arrest in Portsmouth, a government-issued identification card with the name "Rashard Sykes" was found on Cobbs' person. Following Cobbs' 2015 arrest, the Portsmouth police returned Sykes' license and social security card to Sykes. Sykes testified that he did not know Cobbs, nor did he give Cobbs permission to use his

---

[3] Code § 8.01-391(C) states as follows:

> If any court or clerk's office of a court of this Commonwealth . . . has copied any record made in the performance of its official duties, such copy shall be admissible into evidence as the original, whether the original is in existence or not, provided that such copy is authenticated as a true copy by a clerk or deputy clerk of such court.

[4] During a motion to strike the evidence, defense counsel agreed that his argument concerning the two documents was a "weight objection more than an admissibility objection."

identifying information. Sykes viewed the signatures on the statement of legal rights document, financial statement form, and recognizance form that were admitted into evidence, and stated that the signature of "Rashard Sykes" on each of them was not his own.

When the circuit court announced that it found Cobbs guilty of forgery and uttering, it noted that it had examined the signatures on the financial statement and recognizance forms and found them to be "almost identical" to the signature of "Rashard Sykes" that Cobbs wrote on his statement of rights form. The circuit court also stated,

> [W]hile we don't have anybody who specifically saw him sign those forms, the [c]ourt, by looking at these forms and looking at the times that they were submitted, and the types of crimes that he was arrested for, certainly will make the determination that Mr. Cobbs was the one who signed the name Rashard Sykes to these particular forms.

Cobbs was convicted of forgery of a public record, uttering of a forged public record, false identification, and false identification to law enforcement. He timely appealed to this Court.

ANALYSIS

I. Whether the Evidence Was Admissible

Cobbs contends that the Commonwealth did not establish a sufficient foundation before admitting the financial statement and recognizance forms bearing Cobb's forgeries of Rashard Sykes' signature into evidence. "[W]e review a trial court's decision to admit or exclude evidence using an abuse of discretion standard and, on appeal, will not disturb a trial court's decision to admit evidence absent a finding of abuse of that discretion." *Kenner v. Commonwealth*, 299 Va. 414, 423 (2021) (alteration in original) (quoting *Avent v. Commonwealth*, 279 Va. 175, 197 (2010)). When evaluating whether a trial court abused its discretion, we do not substitute our judgment for that of the trial court, but "[r]ather, we consider only whether the record fairly supports the trial court's action." *Id.* (quoting *Carter v. Commonwealth*, 293 Va. 537, 543 (2017)). "The abuse-of-discretion standard [also] includes

- 4 -

review to determine that the discretion was not guided by erroneous legal conclusions." *Id.* (alteration in original) (quoting *Carter*, 293 Va. at 543-44).

Under Code § 8.01-389(A), "[t]he records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as *prima facie* evidence provided that such records are certified by the clerk of the court where preserved to be a true record." "The certification of any record pursuant to this section shall automatically authenticate such record for the purpose of its admission into evidence in any trial, hearing, or proceeding." Code § 8.01-389(F). "Additional proof of authenticity as a condition precedent to admissibility is not required with respect to . . . [p]ublic records authenticated or certified as provided under a statute of the Commonwealth." Va. R. Evid. 2:902. The record reflects, and appellant concedes, that the certified court records were authentic.

The circuit court correctly recognized that Cobbs' objection to admitting the two forms is more fairly characterized as a challenge to the weight to be given that evidence rather than a challenge to its admissibility.[5] Unless otherwise prohibited, "[a]ll relevant evidence is admissible[.]" Va. R. Evid. 2:402(a). "'Relevant evidence' means evidence having any tendency to make the existence of any fact in issue more probable or less probable than it would be without the evidence." Va. R. Evid. 2:401. "The scope of relevant evidence in Virginia is quite broad, as '[e]very fact, however remote or insignificant, that tends to establish the probability or improbability of a fact in issue is relevant.'" *Commonwealth v. Proffitt*, 292 Va.

---

[5] Arguably, Cobbs waived his objection of insufficient foundation for the documents by later conceding that his contention went more to the weight of the evidence than its admissibility. "A party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009) (quoting *Cangiano v. LSH Bldg. Co.*, 271 Va. 171, 181 (2006)). Nevertheless, we assume without deciding that Cobbs properly preserved his objection.

626, 634 (2016) (alteration in original) (quoting *Virginia Elec. & Power Co. v. Dungee*, 258 Va. 235, 260 (1999)).

No eyewitness testified that Cobbs signed the financial statement and recognizance forms with the false name "Rashard Sykes"; however, when considered with the other evidence and circumstances, the two forms were relevant to prove Cobbs' guilt of forgery and uttering. Detective Patton testified, and the video recording of the interview confirmed, that Cobbs signed a statement of legal rights as "Rashard Sykes," the same name he repeatedly used to identify himself to the police. Detective Patton arrested Cobbs and took him before a magistrate and confirmed that the financial statement and recognizance forms were documents given to Cobbs when he was before the magistrate. The two forms were signed with Sykes' name and dated July 4, 2019, the date of Cobbs' arrest in Suffolk. Detective Patton arrested only one person— Cobbs—who identified himself as Sykes on that day. Furthermore, as the circuit court observed, the signatures on the financial statement and recognizance forms were "nearly identical" to the signature on the statement of rights form that Detective Patton witnessed Cobbs sign. Thus, when considered in light of a totality of the evidence, the documents were relevant to establish that Cobbs was the person who signed the forms as "Rashard Sykes," and the circuit court did not abuse its discretion by admitting the forms into evidence.

II. Whether the Evidence Was Insufficient

Cobbs also argues that the evidence was insufficient to convict him of forgery because the evidence did not prove that he signed the financial statement and recognizance forms. "When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask

- 6 -

itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). The question on appeal is whether—upon review of the evidence in the light most favorable to the prosecution—*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See id.* (quoting *Pijor*, 294 Va. at 512). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

As noted, there was no direct testimony that Cobbs signed the two documents in question. Nonetheless, "[c]ircumstantial evidence [presented during the course of the trial] is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Holloway v. Commonwealth*, 57 Va. App. 658, 665 (2011) (*en banc*) (quoting *Coleman v. Commonwealth*, 226 Va. 31, 53 (1983)). Circumstantial evidence is not viewed in isolation. *See Brown v. Commonwealth*, 54 Va. App. 107, 119 (2009) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)). Rather, the "combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion." *Id.*

The record reflects that Cobbs repeatedly identified himself to the police as "Rashard Sykes." When arrested in 2015 by Portsmouth police, appellant asserted that he was Sykes and he possessed Sykes' identifying documents, which had previously been stolen. Appellant again identified himself as Sykes and provided Sykes' identifying information as his own in 2019 when confronted by Officer Kreivis. During the interview with Detective Patton, Cobbs signed

the form stating his legal rights with Sykes' name and so continued to assert that he was Sykes. As noted, Detective Patton did not arrest anyone else that day who claimed to be Sykes.

In addition, as described above, the surrounding circumstances tended to prove that Cobbs signed a false name on the financial statement and recognizance forms. The signatures on the financial statement and recognizance forms were "almost identical" to the signature that Detective Patton witnessed Cobbs place on the statement of legal rights document. Upon these facts and circumstances, a reasonable finder of fact could conclude beyond a reasonable doubt that appellant signed all the public documents in question and that he was guilty of forgery.

CONCLUSION

For the foregoing reasons, we find that the circuit court did not abuse its discretion in admitting the financial statement and recognizance forms and did not err in concluding that the evidence was sufficient to sustain Cobbs' convictions for forgery of public documents. We remand this case for the limited purpose of correcting the sentencing order in the case numbered CR20000349-00 to reflect that Cobbs was convicted of providing a false identity to the police in violation of Code § 19.2-82.1, rather than in violation of Code § 18.2-186.3, as the sentencing order currently states.

*Affirmed and remanded*.