COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Decker, Judges Athey and Chaney
Argued at Norfolk, Virginia


CRYSTAL FAYE WARD

                                          MEMORANDUM OPINION* BY
v.        Record No. 1419-21-1              JUDGE VERNIDA R. CHANEY
                                               JULY 26, 2022
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                        Gary A. Mills, Judge

        (Christopher T. Voltin; Goff Voltin, PLLC, on brief), for appellant.  Appellant
        submitting on brief.

        Stephen J. Sovinsky, Assistant Attorney General (Jason S. Miyares,
        Attorney General, on brief), for appellee.


        Following a bench trial, the Circuit Court for the City of Newport News ("trial court")

convicted Crystal Faye Ward ("Ward") of unlawful wounding in violation of Code § 18.2-51.[1]  On

appeal, Ward contends that the trial court erred in denying her motion to strike because the

testimony of the complaining witness and "her biased daughter" is insufficient to support the

conviction.  For the following reasons, this Court affirms the trial court's judgment.

                                I.  BACKGROUND

        "In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial."  *Gerald v. Commonwealth*,

295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)).

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Ward was originally charged with malicious wounding, but the trial court convicted her
of the lesser-included offense of unlawful wounding.

On December 19, 2020, Ward drove to the workplace of her friend, Delois Young ("Young"), to allow Young to check her car for Young's missing identification ("ID") and bank cards. Young believed the cards fell out of her purse while she was in Ward's car the day before. Young sent Ward a message stating that she intended to file charges against Ward for stealing her ID and bank cards if Ward did not return them.

While Young inspected the passenger side of Ward's car and Ward sat in the driver's seat, Young noticed Ward holding what appeared to be Young's ID. Young walked to the driver's side of the car, stood between the open driver's side door and the driver's seat, and told Ward, "Crystal, that looks like my ID." Then Young reached into the car to grab her ID out of Ward's hand. Ward told Young that she did not have her ID. Then, while "cussing," Ward put the car in reverse and dragged Young for about twenty feet. Before Ward drove away, leaving Young on the ground, Ward said, "Reach again, bitch."

Young's adult daughter witnessed the incident between Ward and Young, and she drove Young to the hospital after Ward drove away. Young testified that the incident caused her to suffer an injury to her shoulder and broken ribs. No medical records were introduced in evidence.

Ward testified that when Young searched her car for Young's ID, her car was stopped with the gear in reverse, and her foot hit the gas when Young hit her four or five times in the back of the head with her fist. Ward denied calling Young any names. Ward testified that she told Young, "Don't hit me again." Then Ward shut the car door and drove directly to the magistrate's office while calling 911. Officer Grey testified that Ward reported that someone hit her before she backed up her car, dragged them with her vehicle, and drove away. Subsequently, when the police arrested Ward, they found Young's ID on Ward and returned it to Young.

The trial court denied Ward's motions to strike. The trial court found that the interaction between Ward and Young was heated and contentious, but Ward's conduct was not malicious. The

trial court found that Ward used the car as a weapon and wounded Young, and this wounding was unlawful whether or not Young struck Ward as Ward alleged. The trial court found that the evidence was sufficient to prove the lesser-included offense of unlawful wounding, but the court withheld a finding of guilt until the sentencing hearing. The trial court asked counsel for the parties to consult and consider alternative resolutions. At the sentencing hearing, the trial court pronounced its finding that Ward was guilty of unlawful wounding.

## II. ANALYSIS

### A. Standard of Review

On appellate review of a criminal conviction, this Court "consider[s] the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial." *Pooler v. Commonwealth*, 71 Va. App. 214, 218 (2019) (quoting *Williams v. Commonwealth*, 49 Va. App. 439, 442 (2007) (*en banc*)). We "discard the evidence of the accused *in conflict* with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Commonwealth v. Cady*, 300 Va. 325, 329 (2021) (emphasis added) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting

*Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"The appellate court defers to the trial court's findings regarding the credibility of the witnesses and the inferences to be drawn 'from basic facts to ultimate facts' unless no rational trier of fact could have made such findings." *Bagley v. Commonwealth*, 73 Va. App. 1, 26 (2021) (citing *Davis v. Commonwealth*, 65 Va. App. 485, 500 (2015) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979))).

### B. Proof of Unlawful Wounding

Ward alleges that the trial court improperly convicted her based on the "contradictory" and "biased" testimony of Young and her daughter. This Court holds that the trial court did not err. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." *Gerald*, 295 Va. at 486 (quoting *Elliott v. Commonwealth*, 277 Va. 457, 462 (2009)). This Court defers to a trial court's credibility determinations unless the evidence is inherently incredible. *See id.* at 486-87. Evidence is "inherently incredible" if it is "so manifestly false that reasonable men ought not to believe it" or it is "shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ." *Id.* at 487 (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)). Although Young had some issues with her recollection and the testimony of Young and her daughter was not entirely consistent, their material testimony was not so manifestly false nor so contrary to human experience as to render it unworthy of belief. There is no basis in the record to find the testimony of Young and her daughter to be inherently incredible.

Ward also contends that the evidence is insufficient to sustain her conviction for unlawful wounding because she was acting out of self-preservation, not unlawfully. Ward argues that Young subjected her to "a barrage of blows" and that she necessarily "accelerated in reverse in an attempt to flee Young's onslaught." Ward contends that because her conduct amounted to lawful self-defense, the evidence does not support her conviction for unlawful wounding.

Assuming without deciding that Ward's self-defense argument is encompassed within her assignment of error, this Court finds that the evidence supports the trial court's finding of guilt. The trial court found that whether or not Young struck Ward, Ward acted unlawfully in dragging Young twenty feet with her car. "[T]he amount of force used to defend oneself must not be excessive and must be reasonable in relation to the perceived threat." *Foster v. Commonwealth*, 13 Va. App. 380, 383 (1991) (citing *Diffendal v. Commonwealth*, 8 Va. App. 417, 421 (1989)). The "issues regarding the reasonableness of the force used, the reasonableness of the perceived threat and whether [the defendant] was without fault in the incident" are factual issues for the fact-finder to resolve. *Id.* at 384. On review of the totality of the evidence, this Court concludes that a rational fact-finder could find that Ward's use of her car to drag Young on the ground for twenty feet constituted excessive force in response to the alleged threat posed by Young. Therefore, the evidence was sufficient to support Ward's conviction for unlawful wounding.

### III. CONCLUSION

The evidence supports the trial court's finding that Ward unlawfully wounded Young. Accordingly, this Court affirms Ward's conviction.

*Affirmed*.