UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, AtLee and Chaney
Argued at Norfolk, Virginia


DEJOSEPH RICKS, S/K/A
  DEJOSEPH L. RICKS


v.      Record No. 0395-21-1

COMMONWEALTH OF VIRGINIA                          MEMORANDUM OPINION* BY
                                                 JUDGE VERNIDA R. CHANEY
DEJOSEPH L. RICKS                                   SEPTEMBER 13, 2022


v.      Record No. 0396-21-1

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
Carl E. Eason, Jr., Judge

Kelsey Bulger, Senior Assistant Public Defender (Samantha Offutt
Thames, Senior Assistant Public Defender; Virginia Indigent
Defense Commission, on briefs), for appellant.

Rebecca M. Garcia, Assistant Attorney General (Mark R. Herring,[1]
Attorney General, on brief), for appellee.


In these consolidated appeals, DeJoseph L. Ricks ("Ricks") appeals the judgments of the

Circuit Court of Southampton County ("trial court") (i) convicting him of feloniously making a

written threat to kill or do bodily injury to a person in violation of Code § 18.2-60(A) (No.

0395-21-1) and (ii) revoking his previously suspended sentences (No. 0396-21-1) based, in part, on

his new felony conviction for making a written threat. For the following reasons, this Court

affirms the trial court's judgments in both cases.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). We "regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Id.* at 473 (quoting *Kelley v. Commonwealth*, 289 Va. 463, 467-68 (2015)).

On November 28, 2019, Ricks exchanged text messages with S.F., the mother of his three-year-old child.[2] S.F. sent and received the text messages using the Facebook Messenger application on her cell phone. Ricks' messages were sent under his Facebook pseudonym, "Jodii Montana." The text messages included the following:

| | |
|---|---|
| RICKS: | I'm tired of your ass, bro. I'll kill your dumb ass, dumb ass bitch. |
| S.F.: | Still communicating threats, huh. |
| RICKS: | I don't give a fuck. Do what you've got to do. |
| S.F.: | All right. |
| RICKS: | Stupid ass bitch. That's the way your son going to be around you and your mom. |

S.F. acknowledged that she did not have any interaction with Ricks by phone or video to ensure that the messages were sent by Ricks. S.F. also testified that she was not having any issues with Ricks when she received the messages and she was uncertain whether Ricks or someone else sent the messages using Ricks' account. S.F. speculated that Ricks' new girlfriend may have sent the messages to push S.F. away from Ricks.

---

[2] We have abbreviated the victim's name to provide her a degree of privacy.

In addition to threatening text messages, Ricks sent S.F. an angry audio message which S.F. recorded before Ricks deleted it. S.F. identified the voice on the audio message as Ricks' voice. Ricks said, in part, "Fuck you bro! Die or . . . kill your fucking self, bitch!" S.F. testified that Ricks calls many people "bro," including her. S.F. acknowledged that there was no way to determine when Ricks recorded the audio message and no way to know whether it was an old recording.

S.F. further testified that she felt threatened after she received the messages from Ricks' Facebook Messenger account. "Because [she] did feel threatened" and "to avoid something bad happening," S.F. called the police and immediately went to the Southampton County Sheriff's Office and obtained a restraining order against Ricks for both herself and her son.

Subsequently, Ricks apologized to S.F. for the threatening messages. Ricks told S.F. he was sorry and said that "[p]eople [were] in his head."

After the Commonwealth rested its case at trial, Ricks moved to strike on the grounds that the evidence failed to establish that (i) Ricks was the person who sent the messages and (ii) S.F. was in reasonable apprehension of death or bodily harm. Ricks argued that the evidence was insufficient to prove that he sent the messages because S.F. testified that she was unsure whether the messages were sent by Ricks or by someone else using his account. Additionally, Ricks argued that although S.F. testified that she felt threatened, she did not specify that she felt threatened of bodily injury or death rather than property destruction or some other harm. The trial court denied Ricks' motion to strike.

After closing arguments, the trial court made the following factual findings:

- The messages came from a handle that Ricks undisputedly used.

- The audio message received with one of the text messages used grammar and syntax similar to that used in the text messages.

- S.F. identified Ricks' voice on the audio message and identified Ricks as the one who sent the audio message to her.

- On the same day S.F. received the messages, she went immediately to the Southampton Sheriff's Office to seek a charge against Ricks.

- S.F. testified she felt threatened by the messages.

- One of the written messages states, in part, "I'll kill your dumb ass."

- S.F.'s testimony that she felt threatened by the messages referred to the message that included a threat to kill her.

- S.F. testified that Ricks apologized to her, saying, "I'm sorry, sometimes people get into my head," or words to that effect.

Considering the totality of the evidence, the trial court found Ricks guilty of making a written threat to kill or bodily injure S.F.

At a joint probation revocation and sentencing hearing, the trial court (i) sentenced Ricks to active incarceration for two years and six months for his new felony conviction for threatening S.F. in writing and (ii) revoked Ricks' previously suspended felony sentences based, in part, on his new felony conviction for threatening S.F.[3] These appeals followed.

ANALYSIS

The basis of each of these appeals is Ricks' contention that the evidence is insufficient to support his new felony conviction for making a written threat to kill or do bodily injury to S.F. in violation of Code § 18.2-60(A). "When reviewing the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Yoder v. Commonwealth*, 298 Va. 180, 181-82 (2019) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable

---

[3] The trial court found Ricks in violation of the terms and conditions of his probation on two underlying felony convictions for bomb/burn threat, in violation of Code § 18.2-60, and threaten in writing, in violation of Code § 18.2-60.

- 4 -

doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting

*Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is, upon

review of the evidence in the light most favorable to the prosecution, whether *any* rational trier

of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*

(quoting *Pijor*, 294 Va. at 512). "If there is evidentiary support for the conviction, 'the

reviewing court is not permitted to substitute its own judgment, even if its opinion might differ

from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69

Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

Code § 18.2-60(A) provides, in relevant part, that:

> Any person who knowingly communicates, in a writing, including
> an electronically transmitted communication producing a visual or
> electronic message, a threat to kill or do bodily injury to a person,
> regarding that person or any member of his family, and the threat
> places such person in reasonable apprehension of death or bodily
> injury to himself or his family member, is guilty of a Class 6
> felony.

Code § 18.2-60(A)(1). Ricks contends that the Commonwealth's evidence failed to prove

(1) that he is the person who sent the threatening messages to S.F. and (2) that the messages

placed S.F. in reasonable apprehension of death or bodily harm. We disagree with Ricks'

contentions.

The evidence supports the trial court's conclusion that Ricks is the person who sent the

threatening messages to S.F. The trial court inferred that Ricks was the perpetrator from the

combined evidence that (i) the messages were sent from a handle that Ricks undisputedly used;

(ii) S.F. recognized Ricks' voice on the audio message that she received with one of the

threatening text messages; (iii) Ricks' grammar and syntax in the audio message were similar to

that used in the threatening text messages; (iv) S.F. immediately went to the Sheriff's office to

seek a charge against Ricks after she received the threatening text messages; (v) Ricks

- 5 -

apologized to S.F. and attributed the threatening messages to "people get[ting] into [his] head." Based on the totality of the evidence, a rational fact-finder could find that Ricks sent the threatening text messages, notwithstanding S.F.'s testimony that she wasn't sure whether someone else sent the messages using Ricks' online account. Based on the totality of the evidence, the trial court could reasonably reject as unreasonable Ricks' hypothesis that his girlfriend used his account to send the threatening messages. As the trial court found, Ricks told S.F. he was sorry and attributed the threatening messages to other people getting in his head. The trial court could reasonably interpret Ricks' apology as an admission and could reasonably infer from this admission that Ricks—not his girlfriend—sent the threatening messages to S.F.

The evidence supports the trial court's conclusion that Ricks' threatening messages placed S.F. in reasonable apprehension of death or bodily harm. As the trial court found, S.F. testified she felt threatened by the messages, which included the written message, "I'll kill your dumb ass." A rational fact-finder could infer, as the trial court did, that this threat placed S.F. in reasonable apprehension of death or bodily harm. The fact that S.F. immediately called the police and went to the Sheriff's office to report the threat also supports the trial court's finding that the threat placed S.F. in apprehension of death or bodily injury.

Because a rational trier of fact could find that the evidence proves the essential elements of felony written threat beyond a reasonable doubt, this Court finds no error in the trial court's finding of guilt.

CONCLUSION

The evidence is sufficient to sustain Ricks' conviction for felony written threat in violation of Code § 18.2-60(A). Therefore, this Court affirms this conviction (No. 0395-21-1) and affirms the revocation of Ricks' previously suspended sentences (No. 0396-21-1).

*Affirmed*.