UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Fulton, Ortiz and Senior Judge Petty
Argued at Lexington, Virginia


KEITH CAVELLE MITCHELL

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0023-22-3                        JUDGE DANIEL E. ORTIZ
                                                       NOVEMBER 9, 2022
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AMHERST COUNTY
Michael T. Garrett, Judge

(Herbert E. Taylor, III; The Law Offices of Herbert E. Taylor, III,
PLLC, on brief), for appellant.  Appellant submitting on brief.

John Beamer, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Following a bench trial, the trial court convicted Keith Cavelle Mitchell of aggravated

sexual battery of a child over the age of thirteen by a step-grandparent, in violation of Code

§ 18.2-67.3(A)(3).  The trial court sentenced Mitchell to twenty years of imprisonment with thirteen

years suspended.  Mitchell challenges the sufficiency of the evidence to sustain his conviction,

contending that the victim's testimony was "inconsistent and contradictory."  Because the victim's

testimony was not incredible as a matter of law, the evidence was sufficient to sustain Mitchell's

conviction.  We affirm the judgment.

BACKGROUND

On May 20, 2019, seventeen-year-old B.S. lived in Amherst County with her

grandmother and Mitchell, her grandmother's spouse.  That morning, B.S. was sleeping in her

bedroom.  She was not wearing clothing because of a severe sunburn.  Mitchell entered the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

bedroom to wake B.S. for school. He told her that he "had something" to help her sunburn. He left the room and returned with what B.S. thought was Vaseline. He then pulled away the blanket covering B.S.'s legs and rubbed the back of her legs and back with the Vaseline. Mitchell then removed the covers completely and rubbed her buttocks. Although she could not remember how, at some point B.S. was turned onto her back. Mitchell then rubbed the front of her legs and breasts. B.S. "just kind of froze" and "didn't know what to do anymore." Mitchell removed his pants, got on top of B.S., and penetrated her vagina with his penis. After, Mitchell put on his clothes and left the room. B.S. showered, dressed, and took the bus to school. At school, B.S. reported what happened to a friend.

Investigator Gregory Jones interviewed Mitchell about B.S.'s allegation the next day. When Jones asked whether Mitchell's DNA might be found in B.S.'s bed, Mitchell claimed that he slept there occasionally because of his snoring. Mitchell further stated that B.S. had already left for school when he awoke on May 20, 2019.

On May 21, 2019, a sexual assault nurse examiner collected evidence from B.S.'s body. DNA testing proved that Mitchell could not be eliminated as the contributor to the sperm fraction found in the sample taken from B.S.'s vagina and cervical area.

On January 21, 2020, Jones interviewed Mitchell again, due to the DNA testing results. When Jones asked Mitchell to explain the results, Mitchell initially stated that "it couldn't be him" and that he did not enter B.S.'s bedroom. Mitchell then stated that he rubbed Vaseline on B.S. for her sunburn and became sexually aroused. He said that he rubbed his penis on her legs and ejaculated. He claimed that he penetrated her vagina with two fingers, but not his penis.

At trial, Mitchell testified that he did not touch B.S. in an inappropriate manner and that he did not leave his bedroom until after she had gone to school. Mitchell claimed that he was anxious when he spoke to Jones in January 2020, but he could not otherwise explain why he

made the statement about penetrating B.S.'s vagina with his fingers. Mitchell also admitted having a prior felony conviction.

## ANALYSIS

On appeal, Mitchell challenges the sufficiency of the evidence to sustain his conviction for aggravated sexual battery. Under Code § 18.2-67.3(A)(3), "[a]n accused is guilty of aggravated sexual battery if he or she sexually abuses the complaining witness, and . . . [t]he offense is committed by a parent, step-parent, grandparent, or step-grandparent and the complaining witness is at least 13 but less than 18 years of age . . . ."

"On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The question on appeal, is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

We view the facts in the "light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). In doing so, we discard any of Mitchell's conflicting evidence, and "regard as true all credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Id.* at 473 (quoting *Kelley v. Commonwealth*, 289 Va. 463, 467-68 (2015)).

Mitchell argues that B.S.'s testimony was inconsistent and therefore not credible. However, the trial court accepted B.S.'s testimony and rejected Mitchell's testimony and arguments in finding Mitchell guilty. "The fact finder, who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts." *Rams v. Commonwealth*, 70 Va. App. 12, 26-27 (2019) (quoting *Hamilton v. Commonwealth*, 279 Va. 94, 105 (2010)). "When 'credibility issues have been resolved by the [fact finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong.'" *Towler v. Commonwealth*, 59 Va. App. 284, 291 (2011) (quoting *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991)). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)).

"[T]his [C]ourt will not seek to pass upon the credibility of the witnesses where their [testimony] is not inherently incredible." *Gerald*, 295 Va. at 486 (first and second alterations in original) (quoting *Rogers v. Commonwealth*, 183 Va. 190, 201-02 (1944)). "Evidence is not 'incredible' unless it is 'so manifestly false that reasonable men ought not to believe it' or 'shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Id.* at 487 (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)).

The record does not reflect that B.S.'s testimony was inherently incredible. Contrary to Mitchell's assertions, B.S. consistently testified that Mitchell entered her bedroom while she was naked; rubbed Vaseline on her legs, buttocks, and breasts; removed his pants; and penetrated her vagina with his penis. B.S. reported the attack to a friend that same day and submitted to a sexual assault examination the next day. Her testimony was corroborated by DNA testing, which

proved that Mitchell's sperm was in B.S.'s vagina. Finally, when confronted with the DNA evidence, Mitchell admitted that he became aroused, touched B.S. inappropriately, inserted his fingers into her vagina, and ejaculated. Considering these facts and circumstances, a reasonable finder of fact could conclude beyond a reasonable doubt that Mitchell was guilty of aggravated sexual battery.

## CONCLUSION

For the foregoing reasons, we find that the evidence was sufficient to prove Mitchell's guilt beyond a reasonable doubt. We affirm his conviction.

*Affirmed.*